DESLAURIERS COLUMN MOULD COMPANY, PROSECUTOR,
v. WILLIAM JACKSON, RESPONDENT.

Argued October 9, 1924—Decided February 26, 1925.

**Workmen's Compensation—Jurisdiction—Petition Not Filed Within One Year as Required by Statute—Objection to Writ as Improvidently Issued Because No Judgment Had Yet Been Entered by Compensation Bureau, Without Merit.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMBBELL.

For the prosecutor, *Frank G. Turner*.

For the respondent, *Elizabeth Blume*.

PER CURIAM.

This writ brings up for review proceedings before the workmen's compensation bureau.

The respondent was injured October 25th, 1922, and pursuant to an agreement between him and the prosecutor, his employer, he was paid $168, the last payment being in February, 1923. On June 13th, 1924, the present petition for compensation was filed, and the cause coming on to be heard by the compensation bureau, prosecutor moved for a dismissal of the petition on the ground of lack of jurisdiction inasmuch as the right of recovery of compensation was barred by the statute. This application being denied by the deuputy commissioners, this writ was sued out.

Respondent urges that the writ was improvidently issued inasmuch as there is no judgment entered in the proceeding before the bureau. This, we think, is of no moment, because the question presented is one of jurisdiction.

Paragraph h of section 23 (*Pamph. L.* 1919, *p.* 201, *ch.* 93), provides: "In case of personal injury or death, all

claims for compensations on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau   *   *   * within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

The petition was not filed within one year from any of the periods fixed by the foregoing section.

The respondent urges that the application may be made at any time under paragraph f of section 21, chapter 93 (*Pamph. L.* 1919, *supra*), which is as follows:

"An agreement or award of compensation may be modified at any time by a subsequent agreement, or reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished."

We think this contention is not well founded, but, on the contrary, section 21, paragraph f, must be read with section 23, paragraph h.

Such was the holding in Luszcy v. Seaboard Byproducts Co., in the Court of Errors and Appeals (No. 91, October term, 1924), decided January 19th, 1925, and not yet officially reported.

We conclude, therefore, that the workmen's compensation bureau was without jurisdiction, and the finding of the deputy commissioner to the contrary is set aside and reversed.