GEORGE HERBERT, PETITIONER-DEFENDANT, v. NEWARK HARDWARE AND PLUMBING SUPPLY COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 16, 1930—Decided September 11, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Joseph C. Paul.*

For the defendant, *Samuel Press.*

The opinion of the court was delivered by

PARKER, J. The controlling question in this case, which must be resolved in favor of the petitioner below if the other questions raised are even to be considered, is whether after a year has expired from the date of the injury without any voluntary payment of compensation by the employer or any agreement to pay such compensation, and within that year there was a petition filed pursuant to the statute, trial before the commissioner, appeal to the Common Pleas and affirmance in that court, review by *certiorari* in this court and judgment of affirmance here after the year had expired (*Herbert* v. *Newark Hardware, &c., Co.,* 6 *N. J. Mis. R.* 647; 142 *Atl. Rep.* 343) and payment of the judgment as affirmed, the statute permits the whole matter to be reopened and readjudicated on the theory of increased disability.

The accident occurred on July 13th, 1927; the petition was sworn to on August 4th, and award made September 30th, 1927. After appeal to the Common Pleas and affirmance by that court, the case came here on *certiorari,* was argued at May term, 1928, judgment of affirmance was entered about August 1st, 1928, and paid on or about October 15th, 1928. On November 7th, 1928, petitioner filed an "amended petition" setting up further disability altogether different from the hernia claimed in the original petition and of a much more serious character, claiming it had not been discovered until that time. We need not stop to consider whether the claim was supported by the evidence. The commissioner properly dismissed the "amended petition" as in effect a new petition (see *Benjamin & Johnes* v. *Brabban,* 90 *N. J. L.* 355), but entertained and granted an application to reopen the original proceeding on the theory that such application was made "within one year from the date of the last payment of compensation as provided in the [supplement to the] Workmen's Compensation act, *Pamph. L.* 1918, *ch.* 149, *p.* 431, ¶ 5." The award based on this ruling was affirmed in the Common Pleas, and is now before us.

We conclude that there was error in entertaining the second application, as we are of opinion that it came too late.

As the matter is important, it is worth while to note the history of our legislation on this phase of the Compensation act, and the decisions applying and construing it.

In the original act, the second clause of paragraph 21 (*Pamph. L.* 1911, *p.* 143) reads as follows:

"An agreement or award of compensation may be modified at any time by a subsequent agreement, or *at any time after one year from the time when the same became operative it may be* reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished." Later, the legislature, not satisfied with the clause that we have italicized, eliminated it. *Pamph. L.* 1919, *p.* 211, ¶ 21, *clause* (*f*). As modified, the clause reads: "(f) An agreement or award of compensation may be modified at any time by a subsequent agreement,

or reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished." It was held by the Court of Errors and Appeals in *Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170, that the words "at any time" in the 1919 act, *supra,* did not apply to the "review" but only to the "modification by subsequent agreement," and the "review" was limited in time by the provisions of section 5 of the supplement of 1918 (*Pamph. L., p.* 431), and of clause (h) of paragraph 23, as amended in 1919. *Pamph. L., p.* 214, presently to be considered. The language of that court is significant, and may well be quoted:

"In 1918, when the compensation bureau was created, the act contained a provision similar to 23 (h) of the original Compensation act. In 1919 section 23 (h) of the Compensation act was changed in conformity with the similar provision of the Compensation Bureau act in order to make it conform to and harmonize with the change made in section 21 (f). From this it seems that the whole purpose of the change in section 21 (f) was to limit and not extend the time in which an agreement could be reviewed by the compensation bureau. The limiting section of the act having been passed subsequent to the passage of the section providing for a review at any time, and containing a repealer of inconsistent legislation, must control." This decision was cited, and of course followed, by this court in *Deslauriers, &c., Co.* v. *Jackson,* 127 *Atl. Rep.* 798; 3 *N. J. Mis. R.* 258.

At the risk of prolixity, but in the interest of clarity, section 5 of 1918, and clause (h) of 1919 are quoted *verbatim:*

Section 5 (as amended by *Pamph. L.* 1921, *p.* 731). "Every claimant for compensation under the act to which this act is a supplement, or its supplements or amendments, shall, unless a settlement is effected or a petition filed under the provisions of section four, file a petition in duplicate with the secretary of said bureau in his office, at the state house, in Trenton, within one year after the date on which the accident occurred, or in case an agreement for compensation has been made between such employer and such claim-

ant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation. A payment, or agreement to pay by the insurance carrier, shall for the purpose of this section be deemed a payment or agreement by the employer."

Clause (h). "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house, in Trenton, within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

These provisions were held in the Court of Chancery to be jurisdictional, and not mere statutes of limitation. *Miller* v. *Beller Electric Supply Co.,* 100 *N. J. Eq.* 444.

The acts cited and quoted above are in *pari materia,* and as we read them are not, nor is any of them, directed to the situation of a contested claim litigated and reduced to judgment, and the judgment paid and satisfied. They point to three, and only three, dates as setting the running of the year in motion: (a) the occurrence of the accident, not followed by any petition, or voluntary payment by employer, or agreement for compensation; (b) failure of employer in making payment after agreeing to do so; (c) cessation of payment by employer either after agreement or voluntarily without agreement. The case at bar is not within any of these classes but is simply an attempt to increase the damages after judgment and review on the ground of newly-discovered evidence. No such procedure is contemplated by the statute; and we think the case of *Benjamin & Johnes* v. *Brabban, ubi supra,* is in point and controlling. As remarked by Mr. Justice Swayze in that case: "It is important

that a case solemnly adjudicated should not be reopened for the purpose of allowing a party to make a new and distinct case."

We hold, therefore, that the payment of the previous judgment was not such a "last payment of compensation" in the intendment of the statute, as would support an application to "review the award" within a year after such payment of the judgment.

The judgment of the Common Pleas and the award of the commissioner under review will accordingly be set aside, with costs.