JAMES THOMAS, DEFENDANT IN CERTIORARI, v. LIONDALE BLEACH, DYE AND PRINT WORKS, PROSECUTOR IN CERTIORARI.

Argued October 6, 1931—Decided February 15, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor in certiorari, Kellogg & Chance.

For the defendant in certiorari, John C. Grimshaw (Frank G. Turner, of counsel).

PER CURIAM.

This writ brings up for review the action of the Common Pleas Court of Morris county in affirming the bureau which allowed a further award because of increased incapacity in a workman's compensation case.

James Thomas (hereinafter called the employe), while in the employ of the prosecutor of this writ, Liondale Bleach,

Dye and Print Works (hereinafter called the employer), suffered an accident on May 29th, 1925. On September 20th, 1926, a compensation agreement was entered into between such employer and employe, and upon their request, was approved by the workmen's compensation bureau, and an award was entered on the same. This provided for twenty-five per cent. total and permanent disability and for the payment of $14.41 for one hundred and fifty and three-sevenths weeks.

On April 3d, 1929, a petition for increased compensation was filed with the workmen's compensation bureau. Total and permanent disability to the extent of sixty-six and two-thirds per cent. was found and an award made on that basis. This is the award under review.

Prosecutor contended below and contends here that the petitioner had no right to file the second petition under the statute.

Section 5 of the 1918 act, as amended by *Pamph. L.* 1921, *p.* 781, and clause (h) of the 1919 act (*p.* 214), are the sections in question. They are alike so far as concerns this point, and clause (h) is as follows:

"In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house, in Trenton, within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; *or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation.*"

The employe claims to come within the last provision.

The employer claims that the employe is without the statute and relies on *Herbert* v. *Newark Hardware and Plumbing Supply Co.,* 151 *Atl. Rep.* 502. The question seems to be, what interpretation is to be put upon the agreement of September 20th, 1926, entered as an award?

In the Herbert case the denial of the right to file the petition for increased compensation was based upon the fact that the original award was contested and not the result of agreement. The Common Pleas judge in the present case so distinguished it, and we think the distinction is sound. In that case the original award was not only contested in the compensation bureau but was carried to this court by *certiorari*.

The employer contends that the original award in this case is on the same footing as a judgment in a litigated case; but we see no merit in that argument. The fact that the agreement was approved and entered as an award does not take away its character as a voluntary agreement.

In *Lusczy* v. *Seaboard By-Products Co.*, 101 *N. J. L.* 170, the Court of Errors and Appeals said:

"The scheme of the legislature is clear. All claims for compensation are to be made by the filing of a formal petition within one year after the accident unless the employer admits his liability to pay compensation and agrees to pay it. In case thereafter he fails and refuses to pay the compensation as agreed, the petition must be filed within one year from the date of such refusal and failure to pay. *In case the agreement is for only part of the compensation which ought to be paid, and the employer lives up to his agreement and pays the compensation therein provided, a claim for any additional compensation must be filed within one year of the last payment made.*"

The instant case comes within the language of the last sentence. The employer admitted its liability and agreed to make payment. It developed that the agreement did not give the employe all that he was entitled to. Within one year he filed the present petition for further compensation, it being admitted in the brief of the employer that the last payment under the 1926 agreement was made about eight months before the filing of the instant petition.

We think that the employe has made out a case which entitled him to have the bureau pass upon his claim for additional compensation.

The only other question is as to the sufficiency of the evidence to support the award. We think that the findings of fact made by the bureau and by the Common Pleas on appeal were justified by the evidence.

The judgment under review will be affirmed, with costs.