GEORGE PALM CONSTRUCTION COMPANY, PROSECUTOR, v. EDWARD BAHR, RESPONDENT.

Submitted February 1, 1932—Decided June 13, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Emil Neblo.*

For the respondent, *Kalisch & Kalisch* (*Isador Kalisch,* of counsel).

PER CURIAM.

This writ of *certiorari* brings up for review a determination and judgment of the deputy commissioner of the work-

men's compensation bureau in favor of the petitioner. The employer complains that the compensation bureau erred in denying its motion for the dismissal of the petition.

The situation seems to have been this: On May 10th, 1929, the workman filed a petition for compensation, and on July 24th, 1929, the parties agreed to compromise on the question of the extent of damages, everything else material being conceded by the employer. The settlement was approved by the bureau and an order of discontinuance was made. The parties agreed to ninety-five weeks compensation, under which agreement the last payment was made on February 9th, 1931. The present petition was filed June 18th, 1931, in the nature of a petition for additional compensation because of increased disability.

The employer moved for a dismissal of the petition on the ground that it was not filed within the time required by law, and that there was a complete and final determination of the matter between the parties. The commissioner denied the motion and the prosecutor sued out this writ.

The employer argues only that the petition has not been filed within the statutory period. We think the answer to this contention, so far as this court is concerned, is to be found in the case of *Harris* v. *International Motor Co.,* 9 *N. J. Mis. R.* 208; 153 *Atl. Rep.* 97. In that case the compensation bureau dismissed the petition for increased compensation upon the ground that it was not filed within the period of one year after the last payment of compensation, within the meaning of the act.

The Supreme Court held "the statute gives the right to file an original petition within a year after payments stop. *Herbert* v. *Hardware Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502." In the Harris case, as in the case at bar, there was an agreement and payment thereunder made in fulfillment and discharge thereof, and the last payment due was actually made.

The judgment will be affirmed, with costs.