ESSEX COUNTY COURT OF COMMON PLEAS.

SAVINA SIZZA, PETITIONER-APPELLANT, v. W. H. COMPTON SHEAR COMPANY, RESPONDENT-APPELLEE.

*Decided November 14, 1932.*

For the petitioner-appellant, *Samuel Press* (by *Harry J. Goas*).

For the respondent-appellee, *Edwin J. O'Brien*.

HARTSHORNE, J. This is an appeal from the workmen's compensation bureau's dismissal of a petition for continuation of compensation, after the expiration of the four hundred weeks' period of compensation for total permanent disability previously awarded both by the compensation bureau and on appeal therefrom by the Court of Common Pleas. The petition is filed under the provisions of *Pamph. L.* 1911, *ch.* 95, as amended in 1923 (*Pamph. L.* 1923, *ch.* 49), providing that at the end of the ordinary four hundred weeks' compensation period for total permanent disability, "compensation payments shall cease, unless the employe shall have submitted to such physical or educational rehabilitation as may have been ordered by the rehabilitation commission of the state and can show that, because of such disability, it

is impossible for him to obtain wages or earnings equal to those earned at the time of the accident, in which case further weekly payments shall be made during the period of such disability, the amount thereof to be the previously weekly compensation payment diminished by that portion thereof that the wage or earnings he is then able to earn bears to the wage received at the time of the accident."

Petitioner has admittedly submitted to such rehabilitation and the commission has found that he can now earn no wages due to continuance of total permanent disability after the four hundred weeks' period, the award during such period having been at the rate of $17 a week. The payment for the continued period is resisted because of a satisfaction piece executed by petitioner of the above judgment of the Court of Common Pleas on the original application for compensation for the four hundred weeks' period.

The judgment of such court provided "judgment final * * * for the sum of $6,800 * * * said sum of $6,800 covering a period of four hundred weeks' compensation at the rate of $17 a week from the 20th day of November, 1923. At the expiration of said period of four hundred weeks petitioner is given leave to apply for such further compensation as may be due him in accordance with the act or acts of the legislature in such cases made and provided." The satisfaction piece recites that judgment had been obtained against respondent "for $6,800, and the right to apply for such further compensation as may be due him [petitioner] in accordance with the act or acts of the legislature in such cases made and provided * * *," further reciting the receipt of satisfaction "for the same" and authorizing satisfaction "upon the record of said judgment."

The question therefore is in this aspect whether this judgment covered the right to apply in the future for further relief, if petitioner continued disabled after the expiration of the four hundred weeks' period.

Clearly, the amount of such compensation could not be included in such judgment since almost eight years must elapse before it could be determined if petitioner was so dis-

abled. Nor does the judgment give the right to apply in the future. Such right is given by the above statute, the recital of such legislative right in the judgment being mere surplusage.

Since the satisfaction piece only covers the judgment, and the judgment does not cover the future right to apply, the satisfaction piece does not bar this future right to apply. Its very character would seem to evidence this, since a satisfaction piece differs intrinsically from a release, the latter being the normal method used to bar rights of action.

Furthermore, even assuming the satisfaction piece purported to bar future rights of action, the statute prevents it from doing so. It is almost axiomatic that the act is a remedial statute of prime import to be liberally construed for the benefit of the injured workman. It is provided by *Pamph. L.* 1918, *ch.* 149, § 4, as amended: "Whenever an employer or his insurance carrier and an injured employe or the dependents of a deceased employe shall by agreement, duly signed, settle upon and determine the compensation due to the injured employe * * *. Such agreement shall not bind the employer or injured employe or the dependents of a deceased employe, unless approved by the bureau." It is further provided by *Pamph. L.* 1911, *ch.* 95, § 20, *sub.* B, as amended by *Pamph. L.* 1921, *ch.* 230, ¶ 2: "No agreement between the parties for a sum other than that which may be determined to be due by the commissioner, deputy commissioner or referee or the judge of the Court of Common Pleas upon appeal shall operate as a bar to the determination of a controversy upon its merits or to the award of a different sum if it shall be determined by the said commissioner, deputy commissioner, referee or judge, that the amount agreed upon is less or more than the injured employe or his dependents are properly entitled to receive." The legislative intent is thus clear that the parties are not to be permitted to settle the controversy between themselves unless the bureau shall approve the settlement as one which does not give "less or more than the injured employe or his dependents are properly entitled to receive." In fact it would

seem that even the bureau's approval of a settlement before the end of the four hundred weeks' period could not, according to the provisions of the act last quoted, bar such possible right to compensation in the future. In any event, in the case at bar, there was no such approval or determination by the bureau on the execution and entry of this satisfaction piece, and it is the satisfaction piece alone which it is argued bars the present petition. The judgment so satisfied purports to permit such petition as above set forth, not to bar it. Nor is respondent aided by the statute of 1913 permitting payment of the original award to a bank, as was done in this case, to be held in trust for the employe, "who shall have no further recourse against the employer." *Pamph. L.* 1913, *ch.* 174, § 21a. The balance of the section makes it clear that the barring of further recourse applies only to the award as made and paid. Furthermore, the statutory procedure is to be adopted "by leave of court," which was not obtained, and the provision for additional compensation after the end of the four hundred weeks' period was adopted ten years after section 21a, and, impliedly at least, amends it.

Petitioner's right to apply for a continuance of compensation is therefore clear, and, since it is admitted that his disability continues to be total and permanent in the same way as before the expiration of the four hundred weeks' period, an order may be entered for payment of $17 a week, the sum previously awarded, "subject to such periodic reconsiderations and extensions as the case may require."