Essex County Court of Common Pleas.

FRED BOYKO, PETITIONER-APPELLANT, v. FEDERATED METALS CORPORATION, RESPONDENT-APPELLEE.

Decided December 16, 1932.

For the petitioner-appellant, *David Roskein*.

For the respondent-appellee, *Edwin J. O'Brien*.

HARTSHORNE, J. This appeal hinges upon the important and constantly recurring question as to the binding effect of a compromise settlement between employer and employe stated to be a "complete and final disposition" of the matter and thereafter approved by the bureau and entered as a formal award. The workmen's compensation bureau has twice ruled such an approved agreement to be a final and complete bar even to a consideration of subsequently increased or diminished disability under section 21-f of the act (as amended by *Pamph. L.* 1931, *ch.* 279, *p.* 704, ¶ 2; *Williams* v. *Yellow Taxi Cab*, 7 *N. J. Mis. R.* 205; *Mandy* v. *Federal Shipbuilding Co.*, 10 *Id.* 944; 161 *Atl. Rep.* 837), in the latter of which cases the settlement agreement expressly provided that it was "in full and final settlement * * * and could not be opened or reviewed by either party on account of any subsequent increased or decreased disability."

These rulings apparently involve a misconception of the legislative intent as revealed by the acts involved. We turn to a consideration of such acts in the above regard.

The prime intent of the legislature is that the parties shall receive what they are entitled to on the merits. In section 20-b of the Substantive act of 1911 as amended, it is provided:

"No agreement between the parties for a sum other than that which may be determined to be due by the commissioner, deputy commissioner or referee, or the judge of the Court of Common Pleas upon appeal shall operate as a bar to the determination of a controversy upon its merits, or to the award of a different sum, if it shall be determined by the said commissioner, deputy commissioner, referee or judge that the amount agreed upon is less or more than the injured employe or his dependents are properly entitled to receive." *Pamph. L.* 1921, *ch.* 230, *p.* 737, ¶ 2. Furthermore, it is provided by section 4 of the Procedural act of 1918 as amended, "such agreement [between employer and employe] shall not bind the employer or injured employe, or the dependents of a deceased employe unless approved by the bureau." *Pamph. L.* 1918, *ch.* 149, § 4. Hence, no matter what the parties may agree to, no matter how final and conclusive their agreement may be in terms, it will have no binding effect at all without the approval of the bureau.

The question then becomes—what is the effect of the approval of the bureau? It requires no argument to demonstrate that the bureau, being purely a statutory body, can exercise only such powers, by approval or otherwise, as the statute gives it. The binding effect of its approval must therefore be determined in the light of the legislative intention considered as a whole. Similarly, the formal judgment of the bureau after a hearing is binding upon the parties, but this binding effect is subject to the remainder of the statute, which permits either its modification, its reopening or an appeal therefrom, by sections 10 and 11 of the Procedural act of 1918 (as amended by *Pamph. L.* 1921, *ch.* 229, ¶¶ 3, 4,— at p. 732). Accordingly, the binding effect of the bureau's approval of the agreements in question, whether or not they

are stated in terms by the parties to be final and conclusive, must be read in the light of the general legislative intent, particularly as expressed in section 20-b, *supra*. When thus considered, it is apparent that a compromise settlement between the parties, if approved by the bureau purely as a matter of form, binds the parties and is enforceable by and against them, unless and until it is determined on the timely application of either party by a consideration of the controversy on its merits that "the amount agreed upon is less or more than the injured employe or his dependents are properly entitled to receive," whereupon the merits must control on the questions both of liability and amount of compensation. By the same token, if the approval of the compromise settlement is given after a consideration of the merits, then it becomes the basis for a final judgment which is *res adjudicata* between the parties, subject only to the provisions of sections 10 and 11, *supra*. This construction gives rational effect to these two sections of the act, which it would otherwise be difficult to reconcile. Nor is this construction of the act at all contrary to the intent of section 23-e of the Substantive act. *Pamph. L.* 1913, *ch.* 174, *p.* 312, ¶ 8; *Pamph. L.* 1919, *ch.* 93, *p.* 212, ¶ 9. The argument to the contrary, based on such section, is ineffective to control the clear intent of the above sections. It rests entirely upon an inference of legislative intent, deemd to arise from what the legislature did not say, rather than from what it did say, an inference which is inadmissible, due to the fact that the legislature was there considering a totally unrelated subject-matter, namely, an agreement between the parties not to be bound by the Compensation act at all.

In fine, the criterion is—was the bureau's approval based on the merits? If it was, then its award is final in exactly the same way as if it was based upon a formal and complete hearing of all the witnesses. If it was not, then it is binding only until a timely application is made and heard to consider it on the merits. It cannot bind thereafter, regardless of whether the respondent admitted liability or not in the first place, and whether or not the parties stated their agreement was to be "a final closeout." If they, or the bureau, did

what the public policy of the statute forbade them to do, their agreement and the bureau's approval are voidable, if not void.

Again, even if the approval by the bureau were on the merits, such approval, as in the case of a formal award, can be *res adjudicata* and binding only on the issues which were lawfully before it for decision. It cannot bind as to an issue which the statute says the bureau cannot then decide. When a compensation petition is first filed, the issue between the parties, as to the incapacity of the injured employe as it may subsequently increase or diminish, has been expressly excluded from the consideration of the bureau and the court at that time by section 21-f of the Substantive act, *supra*. Here the words of the court in *Feldman* v. *Braunstein*, 87 *N. J. L.* 20; 93 *Atl. Rep.* 679, become apt, though another point was there in issue, that * * * the court can act only on the facts before it, not upon the uncertain possibilities of the future. The proper course was to deal with the case exactly as it stood at the time * * *." Such change in incapacity may thus be called to the attention of the bureau thereafter by the timely application of either party, even though a previous compromise settlement has been duly approved by the bureau on the merits and embodied in the form of a final award. Similarly, where an award has been made of permanent disability for the four hundred weeks' period, even though such award purports to cover a period beyond the statutory four hundred weeks, a new application may be filed as to the disability extending beyond such four hundred weeks, since the disability for the four hundred weeks' period was the sole issue which the statute placed before the court in the first instance. *Sizza* v. *W. H. Compton Shear Co.*, 10 *N. J. Mis. R.* 1168; 163 *Atl. Rep.* 143.

The above is in no way contrary to *Herbert* v. *Newark Hardware and Supply Co.*, 107 *N. J. L.* 24; 151 *Atl. Rep.* 502. In such case petitioner sought to avoid the judgment of the bureau, not because it had not been considered on the merits, nor because it involved the issue of a subsequent change in incapacity, but simply because the petitioner desired to try an old issue over again on another basis, which the act, considered in the light of the common law, does not permit.

In the case at bar, petitioner seeks in the alternative, to reopen his original case on the merits on the ground that the approval of the bureau was improvidently given, or to recover the amount of an increased disability arising subsequent to the entry of such previous award. We assume that the approval of the bureau was given on the merits, since medical evidence was taken as to the extent of petitioner's disability in the presence of both counsel. Accordingly, this case is parallel to those of *Thomas* v. *Liondale Bleach, &c., Works,* 10 *N. J. Mis. R.* 255; 159 *Atl. Rep.* 313, and *Palm Construction Co.* v. *Bahr,* 10 *N. J. Mis. R.* 756; 160 *Atl. Rep.* 886, except for the facts that in the case at bar respondent did not admit liability in the first instance, and in those cases the parties did not state that the agreement was to be a "complete and final disposition." But, as we have already seen, the words of the parties are ineffective without the approval of the bureau, and the approval of the bureau is a nullity if it goes beyond, and counter to, the legislative intent.

The record below, on which alone this court can proceed, shows simply a dismissal of the petition for increased disability, without an opportunity to present the facts thereon, because of the supposed finality of the compromise agreement between the parties as approved by the bureau. The order of the bureau dismissing such petition is accordingly reversed, leaving such petition pending before the bureau for hearing thereon in accordance with this opinion.