PETER OLOSH, PETITIONER-PROSECUTOR, v. GENERAL LEATHER COMPANY, RESPONDENT-DEFENDANT.

Submitted October 13, 1933—Decided January 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Rospond & Rospond.*

For the defendant, *Maurice J. McKeown.*

PER CURIAM.

This writ brings up the action of the workmen's compensation bureau in dismissing prosecutor's petition for the reopening of a compensation case on the ground of increased disability.

Prosecutor was injured while working for the respondent on November 20th, 1928. A formal petition was filed and brought on for hearing on December 10th, 1929. It was admitted that the injury resulted from an accident which occurred in the course of the employment and arose out of the employment, the only question in dispute being the extent of disability. Some witnesses were heard and then it was announced to the referee that the parties had agreed upon an award of twenty-five per cent. disability of one hand. A formal determination was subsequently filed, reciting the testimony taken and that it was stipulated that the medical witnesses would have testified to certain facts, some to ten per cent. of disability of one hand and others as much as fifty per cent. Then the referee found a loss of twenty-five per cent. of the use of the right hand and announced that he made this finding on the basis of the evidence and the stipulations. The award was paid in a lump sum. Prosecutor had further trouble with his hand and within one year from the payment filed a petition claiming further disability.

The question is whether the second petition was filed "within one year after the date of any voluntary payment of compensation by the employer, or any agreement to pay such compensation," since it was not filed within one year of the accident.

*Herbert* v. *Newark Hardware and Plumbing Supply Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502; *affirmed,* 109 *N. J. L.*

266; 160 *Atl. Rep.* 492, is relied upon by the respondent. There it was held that payment of a judgment in a contested case was not a voluntary payment within the meaning of the section of the statute in question.

In *Thomas* v. *Liondale Bleach, Dye and Print Works,* 10 *N. J. Mis. R.* 255; 159 *Atl. Rep.* 313, the parties entered into an agreement of compromise which was approved by the bureau and this was held not to be such a final judgment as would preclude the filing of a petition within one year after payment thereunder. It would appear in that case the approval was on the basis of the agreement of the parties and was not based upon any evidence presented to the bureau.

The instant case is like that of *Boyko* v. *Federated Metals,* 11 *N. J. Mis. R.* 807, affirmed by the Court of Errors and Appeals, 112 *N. J. L.* 87. There evidence was taken before a deputy commissioner and the case was finally compromised. A formal judgment was entered. It was held that *Herbert* v. *Newark Hardware, supra,* controlled and the judgment was a formal one which was a bar to the filing of a new petition. This case falls within the same rule, particularly in view of the fact that the deputy commissioner specifically said that he made his determination "from the testimony and the facts stipulated," and apparently did not merely acquiesce in the compromise of the parties.

The writ is dismissed, with costs.