## FEDERAL LEATHER COMPANY, PROSECUTOR, v. NICK DeRENSIS, RESPONDENT.

Submitted May 11, 1934—Decided August 6, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Edwin Joseph O'Brien.*

For the respondent, *Bozza & Bozza (Carl Abruzzese,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. On May 12th, 1931, respondent (prosecutor below) was injured (strained back) "while lifting a can weighing about two hundred pounds, when I felt something snap in my back and dropped the can." Thereafter, on May 2d, 1932, he filed a formal employe's claim petition with the

workmen's compensation bureau. Prosecutor (respondent below) answered. The sole basis for its denial of further liability being that "an informal hearing was held on this case and award made for temporary and permanent compensation which was accepted by both parties and paid by respondent. Therefore, the respondent asks that no costs of any kind be assessed against it in this case."

The hearing on the formal petition and answer came up before John C. Wegner, referee, on July 19th, 1932. Each party was represented by counsel.

The determination, and rule No. 21308, consented to by counsel for the respective parties, and dated July 26th, 1932, discloses, *inter alia,* that "the attorney for the respondent * * * asked the court for leave to amend his answer filed in this case so as to deny that the petitioner suffered an injury by accident arising out of and in the course of the employment, &c.;" and that: "It was further found that there was a dispute as to the amount of disability involved in the case regardless of what was the cause of the same, in view of the fact that it was alleged that the condition was a neurological one and in view of the claim of the neurologist appearing for the respondent that the petitioner's disability was due partly to an old infectious condition and partly to a neurosis arising from litigation in the case." After considerable discussion it was finally agreed "that the case should be compromised as a complete and final disposition of the case for all time on the basis of respondent paying the petitioner a flat sum of $550 in addition to the amount of compensation already paid for temporary and permanent disability, in accordance with an informal award entered and accepted by both parties."

The minutes taken before the said referee, however, discloses the following testimony only: "By Mr. Wrecker: *Q.* Mr. Rensis, we are settling your case. The company will pay $550 as a flat sum, and the expenses you will pay amount to $200, leaving you $350 clear. That includes four weeks that they still owe you. You get $350; and $200 in expenses come out of the $550, do you understand that? *A.* Yes. *Q.*

And you are satisfied now? *A*. Right. The court: You understand, you know you cannot come back? You understand that? The witness: Yes. The court: Settlement approved. It is a final closeout on the question of the accident."

On July 7th, 1933, present respondent filed a petition for increased disability payments. Present prosecutor filed an answer. The basis for its denial of any further liability, was as hereafter stated:

"* * * A formal petition was filed in this case and an answer as amended duly filed denying the petitioner suffered an injury by accident arising out of and in the course of his employment. Strictly as a matter of compromise the matter as compromised as a complete and final closeout of the case by a determination and rule for judgment signed by Referee John Wegner, on July 26th, 1932, * * *."

Present prosecutor made application to dismiss the petition on the ground that the case was compromised as a complete and final closeout by the prior determination and rule for judgment entered on July 26th, 1932. And, on the authority of the case of *Federated Metals Co.* v. *Boyko,* 11 *N. J. Mis. R.* 807; *affirmed,* 112 *N. J. L.* 87, the petition was dismissed.

The judgment of dismissal was brought up on appeal to the Common Pleas Court of Essex county. The learned judge pointed out that since not a word of testimony was taken on the merits of the case prior to the making of the closeout order on July 26th, 1932, that, therefore, "there was a mere agreement of compromise approved by the bureau and not a final adjudication on the merits." "The bureau should, therefore, have granted petitioner's application for a hearing for increased disability, under section 21 F of the statute (*Pamph. L.* 1931, *ch.* 279, *p.* 704) ; *Federated Metals Co.* v. *Boyko,* 11 *N. J. Mis. R.* 807; *Thomas* v. *Liondale, &c., Works,* 10 *Id.* 255; *affirmed,* 110 *N. J. L.* 27," and reversed the judgment of the compensation bureau.

The narrow question thus presented for decision is whether or not the determination and rule for judgment of the workmen's compensation bureau was a final adjudication on the

merits? For, as was aptly said in *Federated Metals Co.* v. *Boyko, supra* (at *pp.* 807, 808) :

"* * * If there was a final adjudication on the merits and payment of the judgment, the action of the bureau was proper. *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502. On the other hand, if there was a mere agreement of compromise, approved by the bureau, the action of the Common Pleas was proper. *Thomas* v. *Liondale Bleach, Dye and Print Works,* 10 *N. J. Mis. R.* 255; 159 *Atl. Rep.* 313; *affirmed,* 110 *N. J. L.* 27; 164 *Atl. Rep.* 11; *Palm Construction Co.* v. *Bahr,* 10 *N. J. Mis. R.* 756; 160 *Atl. Rep.* 886."

Respondent in the instant case points out, and we think correctly so, that in the cases cited by the prosecutor, such as *Federated Metals Co.* v. *Boyko, supra; Herbert* v. *Newark Hardware Co., supra; Olosh* v. *General Leather Co.,* 12 *N. J. Mis. R.* 165; 170 *Atl. Rep.* 241, the adjudication of each case was based on proofs, oral or stipulated, directed to the merits of each case.

The judgment in the instant case must, therefore, depend entirely as to whether there was any proof submited in support thereof. A careful reading of the determinations and rule of the referee, clearly discloses that it lacks all elements of an adjudication on the merits. Suppose the respondent before the referee did ask, or in fact did get, permission to change its answer denying that petitioner therein had suffered an injury by accident arising out of and in the course of the employment; and supposing further that the referee did state that he found that there was a dispute as to the amount of disability involved regardless of the cause, in view of the fact that it was alleged that the condition was a neurological one and in view of the claims of the neurologist appearing for respondent that petitioner's disability was partly due to an old infectious condition and partly to a neurosis, arising from litigation in the case—nevertheless it still lacks an adjudication of the claim on the petition and answer. Section 19 of the act (*Pamph. L.* 1932, *ch.* 52, *p.* 39), among its several provisions provides: "The trial of

such appeal [*i. e.,* before Common Pleas Court] *shall be based exclusively on the transcript of the record and testimony,* and at the time fixed for the hearing, argument may be presented by each side to the said judge, who shall in a summary manner decide the merits of the controversy, and the judgment of the Court of Common Pleas, on any such appeal shall be conclusive and binding. * * *." The transcript of testimony, certified in the instant case by the court reporter is limited to the testimony of that given by the petitioner, as above quoted. That testimony when analyzed merely tends to apprise the petitioner below of the amount of the settlement and the legal result thereof. It is nothing more than a disclosure in open court of resultant facts. There is not a word in it about the merits of the issue. There is nothing in it about the employment, the nature of the injuries, their extent, temporary or permanent, or the percentage of petitioner's disability, all of which are essential in order to determine the case on the merits as to whether the amount agreed upon "is less or more than the injured employe or his dependents are properly entitled to receive." (Section 20, b, Workmen's Compensation act.)

We are of the opinion that the learned judge of the Common Pleas Court correctly decided the issue before him.

Judgment is affirmed, with costs.