## BETSY ROSS ICE CREAM CO., PROSECUTOR, v. J. LEONARD GREIF, RESPONDENT.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *A. Lionel Reid.*

For the respondent, *Fleming & Potter (Russell Fleming).*

BODINE, J. The writ of *certiorari* in this case brings up a workmen's compensation award. The award was affirmed in the Court of Common Pleas. There is no factual dispute and the sole question presented is one of statutory construction.

J. Leonard Greif, in the latter part of August, or the first part of September, 1938, suffered an injury from an accident arising out of and in the course of his employment. On October 5th, 1940, the petition for compensation was filed. The sole question is whether the employer's act in reimbursing

the employee on January 11th, 1939, for a surgical belt in the sum of $25, and on February 6th, 1939, for bandages and adhesives in the sum of $9.19 extended the time to file a claim. We think it did.

The statute (*N. J. S. A.* 34:15-51) is as follows: "Every claimant * * * shall, unless a settlement is effected or a petition filed under the provisions of section 34:15-50 of this title, file a petition in duplicate * * * (1) within two years after the date on which the accident occurred, or (2) in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or (3) in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation * * * *."

The question must necessarily be whether the payments made were part of the compensation under the act. The payment could have been required under the act and a petition would have been timely if refused. We think the following words of the statute are significant: "Any payment made in accordance with the provisions of Article II of this chapter [34:15-7, *et seq.*] shall constitute an agreement for compensation." The several classes of compensation run consecutively (34:15-16). This indicates a legislative purpose to put a payment for a medical aid as compensation, and if so prolongs liability beyond the two year period from the accident. *N. J. S. A.* 34:15-15 provides for medical service.

*N. J. S. A.* 34:15-51 had its source in chapter 229, *Pamph. L.* 1921, *p.* 731. That act provided: "Every claimant for compensation * * * shall, unless a settlement is effected or a petition filed * * * within one year after the date on which the accident occurred, or in case an agreement for compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

Chapter 280, *Pamph. L.* 1931, *p.* 708, extended the time to two years, and provided: "A payment or payments made in accordance with the provisions of section 2 of chapter 95, laws of 1911, shall constitute an agreement for compensation." The Revisions, as noted, *supra*, used in 34:15-51, the clause above quoted the word "any" for an "a." It seems to clarify the other pertinent provision of the act. Formerly, the payment of a physician's bill, which the employer was not obliged to pay, did not lengthen the time for filing a claim. *Benjamin & Johnes* v. *Brabban*, 90 *N. J. L.* 355; affirmed, 92 *Id.* 508. But in *Steers* v. *Turner*, 104 *Id.* 189, the holdings were questioned by the Court of Errors and Appeals.

Our problem is whether, by legislative enactments, a purpose has been disclosed to extend the term to file the petition because of the payment for medical aid. The legislative meaning seems clear to put all kinds of employee aid on the same basis. The case of *Randolph* v. *Hammersley Manufacturing Co.*, 94 *N. J. L.* 530, was decided before many of the changes above noted. See, also, *Smith* v. *Klemm*, 118 *Id.* 471. There seems no reason if a payment be made, which could have been required under the act, to limit the period in which a petition may be filed by a judicial construction which defeats the interests of the workman.

The judgment under review will be affirmed, and the writ will be dismissed.