MICHAEL GRANAHAN, PETITIONER-RESPONDENT, v. CELANESE CORPORATION OF AMERICA, PLASTICS DIVISION, RESPONDENT-APPELLANT.

Argued November 14, 1949—Decided December 5, 1949.

*Mr. Fredrick J. Waltzinger* argued the cause for the appellant.

*Mr. Thomas L. Parsonnet* argued the cause for the respondent (*Messrs. Parsonnet, Weitzman & Oransky,* attorneys).

The opinion of the court was delivered by

BURLING, J.  This is an appeal from the judgment of the Essex County Court in a workmen's compensation case to the Appellate Division of the Superior Court.  It has been brought here on our own certification.

The pertinent facts are that the petitioner sustained injuries to his back and spine as the result of his lifting a bag of acetate, weighing approximately 100 pounds, and an ensuing fall, while in the employ of the appellant.  It is conceded that the accident arose out of and in the course of the employment.  An informal award was allowed by the Workmen's Compensation Bureau and the last payment of compensation

thereunder was made on December 18, 1945. A claim petition for compensation was filed in the Bureau on November 6, 1947, alleging permanent disability resulting from injuries to "Back, spine, complications arising therefrom." The petition was filed within two years of the last payment under the informal award, in accordance with *R. S.* 34:15–51. An answer was filed by the appellant and a demand for particulars was served upon the petitioner. The demand for particulars contained, *inter alia,* the following question:

"4. What are the complications mentioned in question 23 of the claim petition?"

The petitioner's answer, in his bill of particulars, to the foregoing question, was:

"4. Sciatic Neuritis."

On September 23, 1948, at the hearing, before the Deputy Director of the Workmen's Compensation Division, the petitioner moved to amend his claim petition and the bill of particulars to include a claim for neurological injury arising out of the accident. The motion to amend was resisted by the appellant on the ground that the proposed amendment set forth a new and separate cause of action and that the applicable limitation period had expired. Argument on the motion was adjourned until September 27, 1948, when the motion to amend was denied by the Deputy Director of Workmen's Compensation Division on the ground that it embraced an additional claim and was not made within the two year period limited by the statute, *R. S.* 34:15–51. The Deputy Director proceeded with the conduct of the hearing but limited the proofs to an orthopedic injury and an award was made to the petitioner on that basis. An appeal was filed by the petitioner to the Essex County Court charging, in effect, that the Deputy Director had erred in refusing to allow the proposed amendments and that as a result thereof the award was inadequate. The Essex County Court reversed the Workmen's Compensation Division and remanded the cause for a redetermination of the entire issue of orthopedic and neuro-

logical disability. The employer has appealed from the County Court's judgment.

The sole question involved on this appeal is whether a workmen's compensation claim petition alleging permanent disability, which has been timely filed, may be amended at the time of hearing, after the period for filing claims has expired, to include a neurological injury alleged to have arisen out of the same accident upon which the seasonably filed claim petition was predicated.

■■■ The appellant contends that there were two separate and distinct injuries charged, one orthopedic and the other neurological; that they constituted two causes of action; and that the claim for neurosis, being a separate cause of action, was not the proper subject of an amendment since, at the time of the hearing, it was barred by the lapse of time. This argument proceeds on the hypothesis that since neurosis of itself is a compensable injury, *Hall v. Doremus,* 114 *N. J. L.* 47 (*Sup. Ct.* 1934); *Sigley v. Marathon Razor Blade Co., Inc.,* 111 *N. J. L.* 25 (*E. & A.* 1933), it is a separate cause of action. While neurosis of itself may constitute a compensable injury for which a cause of action may be maintained, it does not follow that neurosis is a cause of action. A cause of action in a workmen's compensation case is predicated upon an accident arising out of and in the course of employment and not upon the injuries incident thereto. The nature or type of injury resulting from such compensable accident determines the extent of the disability but does not of itself constitute a cause of action. Cause of action is defined in *Ballentine's Law Dictionary, p.* 197, as follows:

"A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant, and that the facts which establish the existence of that right and that delict constitute the cause of action."

■■ The case of *Russo v. Wright Aeronautical Corp.,* 1 *N. J.* 417 (1949), is dispositive of the issue presently raised. In that case we determined, following the cases therein cited, that while an entirely new cause of action cannot be introduced after the tolling of the statute, "an amendment will

not, as a rule, be held to state a new cause of action, if the facts alleged show substantially the same wrong with respect to the same transaction, * * * or if the gist of the action or the subject of controversy remains the same." In that case a claim petition alleged a compensable accident to have resulted in a cancer; an amendment was permitted after the limitation period, but during the hearing on the original claim petition, to allege a compensable accident to have resulted in causing an aggravation of a previously existing cancer. The rationale of the decision was that the same trauma was alleged and that the only change created by the amendment was in the effect of it.

■ ■ The appellant urges, however, that a "wrong" is a particular injury, and contends that there are two "wrongs" in the present case, i. e., the orthopedic injury and the neurological injury. Such contention misconceives the import of the word "wrong." A "wrong" is the violation or invasion of a right, to the damage of the person whose right is invaded; it is not the resultant injuries arising therefrom, although the latter are incident thereto. "Wrong" is defined in Ballentine's Law Dictionary as follows: "The word, like the word 'injury' in law imports the invasion of a legal right, and to say that a person has committed a wrong, is to say that he has subjected himself, to a cause of action." A clear concept of the legal significance of the word "injury" is necessary to avoid possible confusion resulting from the use of the word. 1 C. J. S. pp. 1005 et seq., furnishes the following enlightening language on the subject: " 'Injury' as used in the strict legal sense as the basis of a cause of action, is a wrong or breach of a legal duty, in violation of a legal right, or which causes loss or harm to another * * *." "The term 'injury' is sometimes used in the sense of 'damage' as including the harm or loss for which compensation is sought and has been defined as damage resulting from an unlawful act; but in strict legal significance, there is, properly speaking a material distinction betwen the two terms, in that injury means something done against the right of the party, producing damage, whereas damage is the harm, detriment, or loss sustained by reason of the injury."

If A strikes down B with a single blow, as a result of which B sustains several injuries to his person, there is only one "wrong" and B has one and not several causes of action against A for the several injuries resulting from such striking.

In the present case, as in the *Russo case, supra,* the same trauma is alleged in the original claim petition and in the proposed amendment. The only change created by the amendment is in the effect of the trauma. The claim petition alleged a permanent disability and the objective of the hearing was to determine the extent of such disability. The effect of the proposed amendment was to amplify the nature of the injuries so the extent of the disability might be fully explored and determined.

Our courts, in actions at law, have permitted amendments to complaints, after the tolling of the statute, where the identity of the transaction forming the same cause of action originally declared upon is adhered to. *Magliaro v. Modern Homes,* 115 *N. J. L.* 151 (*E. & A.* 1935), and cases cited therein, some of which were also cited in the *Russo case, supra.* A less liberal rule applied to claims arising under our Workmen's Compensation Act would do violence to the beneficent purposes intended to be effectuated by the Act. Liberality of construction of the Workmen's Compensation Act has been firmly established and runs consistently through our cases on the subject. See *Furferi v. Pennsylvania R. R.,* 117 *N. J. L.* 508 (*E. & A.* 1936); *Sigley v. Marathon Razor Blade Co., Inc., supra,* and cases therein cited.

The language used in the original claim petition in the instant case was sufficiently broad to include neurosis. The alleged prejudice to the appellant resulted from the statement made by the petitioner in answer to what was nominated as a demand for particulars and the reliance thereupon by the respondent at the hearing. There is no provision in the procedural provisions (*Art.* 4—*R. S.* 34:15–49 *et seq.*) of the Workmen's Compensation Act for such a demand. The Act (*R. S.* 34:15–51) provides for a petition which shall, *inter alia,* state "the injury in its extent and character," meaning

the damage incurred. The Act (*R. S.* 34:15–64) provides that "The commissioner and the deputy commissioners may make such rules and regulations for the conduct of the hearing not inconsistent with the provisions of this chapter as may, in his judgment, be necessary. * * *" Pursuant thereto the following pertinent rule was made effective May 1, 1939:

"4. The petition and answer filed shall be as full and complete as possible."

If not satisfied that the statute and rule were complied with as to the contents of the petition, application should have been made to the Commissioner or the statutory designee for an order requiring that an amendment to the petition be accordingly made. However, the answers to the demand will be treated as if they had been incorporated in the petition by formal order. Treating the petition as having been so amended prior to the hearing, the further amendment which was offered at the hearing to add the neurological injury should have been made for the reasons hereinbefore·set forth.

The argument is advanced by the appellant that if amendments of the nature here involved are permitted, wide avenues will be opened for the unlimited filing of claims, and that an invitation will be extended for the filing of delayed and possibly fraudulent claims. Suffice to say that such amendments are permitted only between the seasonable filing of the original claim petition and the time of hearing thereon. Further, as stated in the opinion below, the allowance of such amendments should be accompanied, where necessary to effectuate substantial justice, with permission to the employer "to·protect its interest by such investigation and medical examinations as are fair and just."

So much of the judgment of the Essex County Court as was appealed from is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal*—None.