11 N.J. Super. 338 (1951)
78 A.2d 403
ESSIE GINTER, PLAINTIFF-RESPONDENT,
v.
WESTINGHOUSE ELECTRIC & MANUFACTURING CORP., LAMP DIVISION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Decided January 17, 1951.
*340 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Harry Cohn argued the cause for the plaintiff-respondent.
Mr. Michael N. Chanalis argued the cause for the defendant-appellant (Messrs. Haines, Chanalis, Lynch & Maloney, attorneys).
*341 The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant appeals from the judgment of the Essex County Court affirming a 100% permanent disability award by the Workmen's Compensation Division for increased disability suffered by plaintiff as the result of an accident previously found to be compensable.
Plaintiff's injuries were suffered in an accident that occurred on July 31, 1944. At an informal hearing before the Division, an award of 20% partial permanent disability to her right leg was awarded on November 13, 1944. In February, 1946, this award was increased to 40% partial permanent disability to her right leg. On November 18, 1949, following hearings of the plaintiff's claim for increased permanent disability, the Division determined that she had suffered a total permanent disability as the result of injuries to her leg and back causally related to the accident in question. The Essex County Court, on appeal, reached a similar conclusion.
The defendant contends that the plaintiff did not sustain the burden of proving that the leg disability found to have existed at the prior determination had increased; that there was no proof that plaintiff's back condition was related to her leg disability; and that the petitioner, in her original claim having failed to allege a back injury, the court was without jurisdiction to make an award, in view of the fact that the statutory limitation period had expired; that her incapacity is the result of her obesity or some cause other than the said accident.
The Division and the County Court found that the employee's injury to her back was an enlargement of the disability resulting from the compensable accident sustained by the employee. Our examination of the record satisfies us that there was sufficient evidence to support the factual findings of the Division and the County Court. When, as here, two independent tribunals separately arrive at the same factual determination upon sufficient evidence, this court will not exercise its discretionary power under Rule 3:81-13 (cf. Rules 1:2-20 and 4:2-6) to review the facts and make independent *342 findings thereon. Giresi v. E.I. duPont deNemours & Co., Inc., 7 N.J. Super. 41 (App. Div. 1950); Coronato v. Public Service Coordinated Transport, 4 N.J. Super. 1 (App. Div. 1949); Ali v. Star Restaurant, N.J. Super. (App. Div. 1950).
The sole question for our determination is whether, plaintiff having failed to specifically allege a back injury in her original claim petition, she is now precluded from prosecuting her claim for increased disability, in view of the fact that her petition was not filed within two years of the occurrence of the accident. The finding here that plaintiff was partially incapacitated by injuries to her leg, does not bar a later finding that injuries which manifested themselves at the time of the accident and increased in their incapacitating effect at a subsequent date, were compensable. Tucker v. Frank J. Beltramo, Inc., 117 N.J.L. 72 (Sup. Ct. 1936); affirmed, 118 N.J.L. 301 (E. & A. 1937); Torbyn v. South River Sand Co., 6 N.J. Super. 1 (App. Div. 1949). There is an abundance of authority for the proposition that under the authority of R.S. 34:15-27 the Division has continuing jurisdiction to modify an award to accord with a change in the degree of incapacity arising from such an injury. Drake v. C.V. Hill & Co., 117 N.J.L. 290 (E. & A. 1936); DeSantis v. Turner Construction Co., 120 N.J.L. 590 (Sup. Ct. 1938); Ducasse v. Walworth Manufacturing Co., 1 N.J. Super. 77 (App. Div. 1948). The employer argues that since there was no prior claim made by the employee or any award in the earlier adjudication for any permanent disability referable to the petitioner's back, she is thereby barred from now asserting a claim for the enlargement of her disability involving the area of her back as well as her right leg. In support of its contention, defendant relies heavily upon the case of Herbert v. Newark Hardware, &c., Co., 107 N.J.L. 24 (Sup. Ct. 1930); affirmed, 109 N.J.L. 266 (E. & A. 1932). An examination of the Herbert case convinces us that it is not analogous. The Herbert case, which was decided prior to the amendment of R.S. 34:15-27 in 1931, dealt with the issue as to whether the claim petition for an additional disability *343 had been filed within the statutory period of one year from the date of the last payment. Here, there is no such dispute. The record reveals that from the very inception plaintiff made known to the employer's doctor the complaints of her back injury and was examined and cross-examined with respect thereto at the earlier hearing. From a time shortly after the award of 40% of total permanent disability, the employee's back condition deteriorated, necessitating finally an operation which revealed that there was an irregularity of the points in the lumbosacral region. A fusion of the spine was performed. The medical proofs established that her back condition was causally related to the accident in question.
The employer further argues that the employee's claim is based upon two independent injuries allegedly arising out of the same compensable accident, and having failed to assert and prove the back injury within the statutory period, she is now precluded from obtaining an award of compensation therefor. The case of Granahan v. Celanese Corp. of America, Plastics Div., 3 N.J. 187 (Sup. Ct. 1949), is dispositive of the employer's contention. There, the court held that the same trauma is alleged in the original claim petition and the amendment proffered after the statute had tolled; that the only change created by the amendment is the effect of the trauma; that the claim petition alleged a permanent disability and the objective of the hearing was to determine the extent of such disability; that the effect of the proposed amendment was to amplify the nature of the injuries so that the extent of the disability might be fully explored and determined. The "gist" of the subsequent complaint under review here remains the same; it is an allegation of damage resulting from the same trauma, the same wrong which occurred July 31, 1944. Granahan v. Celanese Corp. of America, Plastics Div., supra.
With respect to defendant's contention that the plaintiff's incapacity is the result of her obesity or some cause unrelated to the accident, our courts have held that where the defendant asserts this defense, the burden of establishing *344 it is upon the one who alleges it. Calicchio v. Standard Brands, 1 N.J. Super. 276, 279 (App. Div. 1949), and cases cited therein. The defendant failed to successfully bear that burden.
We are of the opinion that the Essex County Court correctly determined that the employee's increased disability is the natural and probable consequence of the accident of July 31, 1944. See Sunkimat v. Senger Coal & Ice Corp., 137 N.J.L. 103 (Sup. Ct. 1948).
The judgment of the Essex County Court is affirmed, with costs.