FLOYD BILYOU, PETITIONER-APPELLANT, v. GEORGE M. BREWSTER & SON, INC., AND TRAVELERS INSURANCE CO., RESPONDENTS-APPELLEES.

Middlesex County Court
Law Division

Decided December 16, 1952.

Mr. *Walter R. Hespe*, attorney for the petitioner-appellant.

Mr. *James J. Skeffington*, attorney for the respondent-appellees.

KALTEISSEN, J. C. C. This is an appeal from a determination of facts and order of dismissal rendered in the Workmen's Compensation Division of the New Jersey Department of Labor and Industry, in favor of the respondents and against petitioner.

The petitioner-appellant (hereinafter referred to as petitioner) sustained an injury arising out of and during the course of his employment by respondent-appellee (hereinafter referred to as respondent) on November 7 or 8, 1946, for which the petitioner filed a claim petition in the Workmen's Compensation Division, Department of Labor and Industry, on March 24, 1947. At a hearing before Deputy Director John M. Kerner on May 6, 1947, the petition was dismissed on the ground that petitioner had not sustained the necessary burden of proof. From this dismissal the petitioner appealed to the Court of Common Pleas for the County of Middlesex (now County Court and hereinafter referred to as such), and after the filing of briefs, argument by counsel and studying the transcript, a judgment was entered reversing the Workmen's Compensation Division decision and

establishing the disability of petitioner at 40% of permanent total; this judgment was affirmed on appeal by the then Supreme Court (now the Superior Court) and affirmed by the present Supreme Court and thereafter paid by the respondent with interest.

On August 28, 1951, the petitioner filed a second claim petition, commonly referred to as a "re-opener," claiming increased disability and demanding additional payment therefor. Respondent filed a notice to dismiss returnable June 6, 1952 before Deputy Director Kerner on the ground that the Workmen's Compensation Division lacked jurisdiction to entertain the petition. On July 22, 1952, after argument by counsel for petitioner and respondent, the deputy director granted respondent's motion, and the petitioner is appealing.

It is the opinion of this court that the deputy director erred in refusing to retain jurisdiction of petitioner's petition and that the Workmen's Compensation Division has authority to hear and determine the petition for increased disability. The Workmen's Compensation Division has continuing jurisdiction to modify an award of compensation to accord with a change of degree of capacity arising from such an injury. *Ginter v. Westinghouse Elec. & Mfg. Corp.*, 11 *N. J. Super.* 338 (*App. Div.* 1951); *Florek v. Board of Education of Newark*, 18 *N. J. Super.* 425 (*Cty. Ct.* 1952). The Workmen's Compensation Act specifically gives such authority, by two sections of the act, namely *R. S.* 34:15-27 and *R. S.* 34:15-57:

As amended by *L.* 1952, *c.* 269, *R. S.* 34:15-27 provides:

"An agreement for compensation may be modified at any time by a subsequent agreement. A formal award, determination and rule for judgment or order approving settlement may be reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased. An award, determination and rule for judgment or order approving settlement may be reviewed at any time on the ground that the disability has diminished. In such case the provisions of section 34:15-19 of this Title with reference to medical examination shall apply."

and *R. S.* 34:15–57 provides:

"The commissioner, the director, and each deputy director, is hereby authorized to hear and determine the matters in dispute in a summary manner, and each shall have power to modify any award of compensation, determination and rule for judgment or order approving settlement and to provide for the commutation of any such award, determination and rule for judgment or order approving settlement."

The Workmen's Compensation Bureau has been given exclusive original jurisdiction of all claims for workmen's compensation pursuant to *N. J. S. A.* 34:15–49. The original action was properly instituted in the Bureau.

The method of appeal from a judgment of the commissioner, deputy commissioner, or referee to the County Court is provided for by statute, *R. S.* 34:15–66. It is to be noted that "the trial of the appeal is based exclusively on the transcript of the record and testimony" made in the Bureau. There is also provision made for argument by each side to the controversy.

*R. S.* 34:15–27 and 34:15–57, *supra*, afford parties a right of review of a judgment. This right of review applies both to increased and decreased disability within a two-year period. While petitioner's petition filed with the Compensation Bureau was of necessity predicated on the original judgment, such petition was a *new proceeding* based on a new factual situation. *Tucker v. Frank J. Beltramo, Inc.*, 117 *N. J. L.* 72, 186 *A.* 821, 1936 *(Sup. Ct.* 1936), affirmed 118 *N. J. L.* 301, 192 *A.* 62 *(E. & A.* 1937).

Both the respondent and the deputy director contend that the Workmen's Compensation Bureau has not the authority or power to modify or alter the judgment of an upper court. This is quite sound. However, the case before the court is a new action. The judgment of 40% of total disability rendered by the County Court was final as of that time. However, the right to re-open an award for increased or decreased disability is a substantive right which either side may utilize to show a change in condition as of a later time. The statutes permit this re-opening to make a re-

adjustment of the award to fit the changed physical condition of the injured party.

To deny petitioner the right to bring this action would cause a result wholly unintended by the Legislature. The result would mean that any unsuccessful party in the Workmen's Compensation Bureau could, by merely appealing to the County Court and having the award sustained, forever bar the re-opening of the matter for a change in incapacity. Therefore, the sections of the act providing for the "re-opening" would be useless in such cases.

The petitioner should be given the opportunity of having his petition heard. The Workmen's Compensation Bureau is the logical forum for such a hearing.

As to respondent's view that the term judgment was not included in the statute, Justice Heher in the case of *Tucker v. Frank J. Beltramo, Inc., supra*, has stated as follows:

"We find nothing of substance in the suggested differentiation of a 'formal award' from the final judgment. The term 'formal award' was introduced into the compensation act for the first time by the amendment of 1931, *supra*; and this was a recognition of the distinction between formal and informal awards which grew out of the administration of the law in the compensation bureau. Informal hearings were held to pass upon agreements between the parties; and the like procedure was followed when the bureau intervened, *ex mero motu* or on the application of either party, to effect an agreement between the parties. The term 'formal award' was used in contradistinction, and signifies the final judgment in a litigated cause. The statute terms the final determination of the commissioner the 'judgment'; it provides that, in the event of an award to the petitioner, 'a copy of the judgment of the commissioner, deputy commissioner or referee' shall, when filed with the clerk of the court, have the same effect as a judgment of the court of common pleas."

Respondent's contention that the payment of a judgment entered in a Workmen's Compensation Case wherein that case was litigated in the Bureau and dismissed, appealed to the County Court where the Bureau was reversed and judgment entered, and subsequently appealed to the Supreme Court (now the Superior Court) wherein the judgment was affirmed, and thereafter an appeal again affirmed in the

present Supreme Court, is not such a last payment as to come within the purview of the words "last received a payment" or "last payment of compensation" as used in *R. S.* 34:15–27 and *R. S.* 34:15–51, respectively, is likewise untenable.

Respondent relies heavily on the case of *Herbert v. Newark Hardware and Plumbing Supply Co.*, 151 A. 502 (*Sup. Ct.* 1930). It is the opinion of this court that the above-mentioned case is not controlling in the present action. The *Herbert* case held that the payment by the employer of a judgment in a workmen's compensation case after litigated hearing, appeal and affirmance on *certiorari* in the Supreme Court, was not a "last payment of compensation" in the intendment of *L.* 1918, *p.* 431, *sec.* 5, as amended by *L.* 1921, *p.* 731, or of *L.* 1919, *c.* 93, at *page* 214, *sec.* 23(*h*), which will permit the opening of the case for consideration of an additional claim of disability within a year after payment of such judgment. The *Herbert* case was decided prior to the amendment of *R. S.* 34:15–27 in 1931. Since the *Herbert* case the Workmen's Compensation Law has been liberalized. For example, there are now cases which hold that the furnishing of medical support, treatment of any kind, or even an examination for the purpose of determining further treatments, will toll the two-year period of limitation of the Workmen's Compensation Act. For example *Betsy Ross Ice Cream Co. v. Greif*, 127 *N. J. L.* 323, 22 *A.* 2d 571 (*Sup. Ct.* 1941); *Donoher v. American Steel & Wire Co.*, 2 *N. J. Super.* 72 (*App. Div.* 1949); *Sampson v. Thornton*, 14 *N. J. Super.* 353 (*App. Div.* 1951). Since petitioner brought this action within two years of last payment of the judgment, he has proceeded properly and is entitled to have a hearing in the Workmen's Compensation Bureau on his new petition for increased disability.

The decision of the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, is therefore reversed and the cause remanded to the Workmen's Compensation Bureau for a hearing on the merits.