FEDERATED METALS CORPORATION, PROSECUTOR, v.
FRED BOYKO, RESPONDENT.

Argued May 2, 1933—Decided August 29, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Edwin Joseph O'Brien.*

For the respondent, *David Roskein.*

PER CURIAM.

The writ brings up a judgment reversing the workmen's compensation bureau in dismissing a petition seeking compensation for increased disability. The original claim was filed July 18th, 1931. Claimant sought compensation for lead poisoning—an occupational disease. The order entered contains the following recital: "After considerable discussion between the parties it was finally agreed that the case should be compromised as a complete and final disposition of the same on the following basis." After testimony was offered, a judgment was entered. Within a year, a new petition was filed for the purpose of reopening the case and granting an award for increased disability. The bureau held this petition should be dismissed and the Common Pleas held it should be considered. If there was a final adjudication on the merits and payment of the judgment, the action of the bureau was proper. *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24 ; 151 *Atl. Rep.* 502. On the other hand,

if there was a mere agreement of compromise, approved by the bureau, the action of the Common Pleas was proper. *Thomas* v. *Liondale Bleach, Dye and Print Works,* 10 *N. J. Mis. R.* 255; 159 *Atl. Rep.* 313; *affirmed,* 110 *N. J. L.* 27; 164 *Atl. Rep.* 11; *Palm Construction Co.* v. *Bahr,* 10 *N. J. Mis. R.* 756; 160 *Atl. Rep.* 886.

The case seems to us to be controlled by the case of *Herbert* v. *Newark Hardware Co., supra.* There was a hearing on the original claim. The petitioner took the stand, was sworn and examined before a deputy commissioner; medical testimony was offered; findings were made, and a rule for judgment entered. The proceedings took the same course as is usual when a judgment is entered in a court of record for damages in an action brought in behalf of a minor. To permit such a record to be disturbed, merely because of alleged newly discovered evidence, would tend to disturb the settled practice.

Section 11 of the Workmen's Compensation Procedure act, as amended (*Pamph. L.* 1921, *p.* 731), in part provides: "The judgment of the said bureau shall be final and conclusive between the parties and shall bar any subsequent action or proceeding, unless reopened by the said bureau or appealed as hereinafter provided."

The statutory provisions are all analyzed at length by Mr. Justice Parker in *Herbert* v. *Newark Hardware Co., supra.* It was there held: "That the payment of the previous judgment was not such a 'last payment of compensation' in the intendment of the statute, as would support an application to 'review the award' within a year after such payment of the judgment.

We think a judgment entered in a proceeding in the bureau after hearing is a final judgment, and a final disposition of the case even though the parties agree to the award as made.

The judgment below is reversed.