CHARLES ANDERSON. PETITIONER-RESPONDENT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 12, 1934—Decided March 27, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the respondent, *Ambrose J. Peraino* (*Vincent M. Rotolo,* of counsel).

For the prosecutor, *Henry H. Fryling* (*Elmer W. Romine,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* in this workmen's compensation case seeks to review the denial or refusal of the workmen's compensation bureau to dismiss the employe's claim for increased disability compensation. *Deslauriers Column Mould Co.* v. *Jackson,* 3 *N. J. Mis. R.* 258; 127 *Atl. Rep.* 798; *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542.

It is strongly urged that the denial or refusal to dismiss the petition should be reviewed and set aside, because;

(a) There was a full and complete settlement of the compensation claims to Charles Anderson, on November 29th, 1930.

(b) The petition for increased disability compensation was filed more than two years after the occurrence of the alleged accident and the payment of compensation.

The first question, therefore, requiring decision is whether the determination by the bureau, on November 29th, 1930, was a final adjudication of the issues, on the merits, raised by the pleadings of the respective parties or whether the determination and the commutation were based on a mere agreement of compromise? *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502; *affirmed,* 109 *N. J. L.* 266; 160 *Atl. Rep.* 492; *Federated Metals Corp.* v. *Boyko,* 11 *N. J. Mis. R.* 807; 168 *Atl. Rep.* 672; *affirmed,* 112 *N. J. L.* 87; 170 *Atl. Rep.* 56; *Federal Leather Co.* v. *DeRensis,* 113 *N. J. L.* 235; 174 *Atl. Rep.* 163.

Ordinarily the answer to the question should be simple,

viz.: what actually did take place at the hearing of November 29th, 1930? But, unfortunately the state of case does not contain a transcript or minutes of the testimony or procedure of this hearing. We are told by prosecutor, and it is not controverted, that the stenographer who took the testimony could not find his original notes. It therefore becomes necessary to detail the facts as they are disclosed to us in the state of case as submitted. Before we direct our attention to facts relating to the hearing, "at the risk of prolixity, but in the interest of clarity," it is necessary to also detail all other pertinent facts. They are substantially as follows:

Charles Anderson filed a claim for compensation against his employer, the prosecutor of this writ, on April 8th, 1930. This petition discloses that on July 1st, 1929, while employed by the prosecutor as a switchboard operator, at its substation at Hackensack, New Jersey, twenty-six thousand volts of electricity passed through him, "burning his head, eyes, ears, face, arms, legs, back, groin, and chest, and causing him to fall twelve feet to the ground." Prosecutor, in its answer, claimed that the accident happened "while stretching, after a nap, his hands came in contact with a live bushing." Notwithstanding the claim, as aforesaid, prosecutor, under its thirty-ninth answer, in explanation of its denial that the accident was compensable, made this statement:

"Respondent avers that it has adequately paid petitioner for all the temporary compensation that is due. Respondent further avers that it is presently compensating petitioner for forty per cent. of total and permanent disability, subject to revision upon re-examination at expiration of payments. Respondent reserves the right to move to strike out the petition at the time of trial on the ground that the workmen's compensation bureau has no jurisdiction in that there was no dispute prior to or at the time of filing the petition."

Clearly that answer does not square itself with the suggestion of the prosecutor below and its arguments here that it denied liability. There is, obviously, no substance to that contention. A memorandum of Deputy Commissioner Stahl, attached to the return and appearing on page 21 of the state of case, discloses that between June 4th, 1930, and November

13th, 1930, there were six scheduled hearings, which were either adjourned or at which no appearances were made. Under date of October 1st, 1930, appears the following: "Am advised that this matter will probably be settled." Under date of November 11th, 1930, appears the following: "Hearing at Newark—by stipulation. Award. Closed." Again the memorandum of the deputy commissioner appearing on pages 22 and 23 of the state of case, as part of the return of the hearing at Newark, on November 13th, 1930, discloses the following:

"11-13-30 Hearing at Newark by agreement between counsel
 Appearances: Pet. and Atty.
  O'Neil.
 Resp. Atty. Sorenson.

STIPULATION

Employment: 7-1-30 electrician
Wages:    $40.50
Accident: Electric shock—throwing petitioner 12 feet from scaffold to ground.
 Burns both arms and legs. Amp. left hand.
Notice of accident:
Compensation paid—27-4/7 weeks at $20 Temp. dis. covering 7-1-29 to 1-9-30

AWARD

Temp. dis. 27-4/7 weeks at $20. (paid)
Perm. dis. 55% total disability.
 275 weeks at $20 (less 42 weeks paid).
Medical—Furnished by respondent.

\*  \*  \*  \*  \*  \*  \*

PETITIONER (SWORN)

Understands and accepts terms of award.

DR. DOWD (SWORN)

Examined petitioner Oct. 16th.
Scars. Amp. thru middle left forearm also a physic neurosis.
Opinion—55% total is liberal allowance."

Then follows what is captioned as the *"Compromise,* Finding of Facts, Determination and Order of November 29th, 1930." It determines that the respondent was in the employ of prosecutor; it details the injuries received and further states it became necessary "to perform an amputation in the lower third of the forearm leaving a stump which is tender, and as a result of said injuries the petitioner is now a physchoneurotic;" it details the payments made and to be made; it grants the commutation, for the then remaining two hundred and thirty weeks from November 21st, 1930, to April 17th, 1935, less the five per cent. statutory allowance, amounting to $4,155.

Oddly enough there is no reference in the determination to the notations of the memorandum by the deputy commissioner that either the petitioner or Dr. Dowd had been sworn. All that shows on this point in the order, &c., is that:

"The petitioner and the respondent *have reached a settlement* of the points in dispute and the terms of settlement have been fully explained to the petitioner by the court so that he has a full understanding of the basis upon which this settlement is being made. *Petitioner has been informed that it is a final settlement* and *he has expressed his assent and approved the terms of the settlement."*

No objections appear to have been made to this order.

On April 12th, 1934, respondent filed a claim for increased disability compensation. Thereupon prosecutor gave notice of a motion it would make on May 14th, 1934, to dismiss the last stated petition for increased disability compensation. The following grounds were urged by prosecutor:

1. The petitioner has no legal right to further compensation because the claims of the petitioner were consummated as a full and final settlement on November 29th, 1930.

2. The workmen's compensation bureau has no jurisdiction in the matter of the present claim of the petitioner for increased disability.

3. The petition for increased disability was not filed within the time limited by law after the last payment of compensation.

That motion was denied.

Further investigation of the files disclosed apparent notations made by Deputy Commissioner Stahl, at the Newark hearing, that respondent and the doctor were sworn and testified at the hearing. Thereupon prosecutor gave notice of a motion it would make on May 21st, 1934, to dismiss the petition. The reasons were the same as those assigned on the first motion, plus the affidavits of two of its agents and its doctor. While much contained in these affidavits were mere conclusions of law rather than statements of facts, yet there was enough in them to indicate that the respondent was sworn at the hearing; that he was fully informed of the fact that he was getting a full and complete settlement and that Dr. Dowd did testify that he did examine the respondent; that in his opinion proper treatment would reduce the respondent's disability not to exceed forty per cent. and that fifty-five per cent. of the total disability allowance was fair and adequate. In a word, prosecutor contends that the proofs thus submitted brings the instant case within the holding of those cases of which *Federated Metals Corp.* v. *Boyko, supra,* is one. While for the respondent it is urged that these proofs are subject to the same vice pointed out in *Federal Leather Co.* v. *DeRensis, supra.*

The bureau again declined or refused to dismiss the petition and based its action on the following grounds:

"1. That the settlement entered into under date of November 29th, 1930, before Deputy Commissioner Stahl was not such a full and final close-out as to come within the purview of the Boyko *v.* Federated Metals case, and further in the order signed by said deputy commissioner there is no question of liability.

2. That the workmen's compensation bureau has jurisdiction under provisions of section 31, paragraph F of the act, which reads that an agreement of compensation may be modified at any time by a subsequent agreement, or a formal award reviewed within two years from the date when the injured person last received payment, &c.

3. On the question of application of statute of limitations. Where a commutation is made upon the recommendation of

the department of labor for the best interest of the injured workman, I feel that the statute does not apply until the statutory period after last date compensation would be paid if no commutation was made."

It is quite obvious that the bureau took the position that there never was a final adjudication of the issues, on the merits, between the parties. Notwithstanding the notations of the deputy commissioner, at the hearing in Newark, as already stated, the bureau held that the proceedings on November 29th, 1930, was nothing but an agreement of compromise. It would seem to us that the bureau, by its deputy commissioner, surely ought to know best whether that which did take place on November 29th, 1930, was regarded or treated by the parties in interest as a mere compromise or a final and complete close-out, or whether it was, in fact, one or the other. They found that it was a mere agreement of compromise. We concur in that result.

And now we approach the second point argued. Counsel for prosecutor contends that where compensation is commuted and paid in a lump sum that such payment constitutes a last payment of compensation within the intendment of the statute, so that the time limit begins to run immediately upon the payment of the lump sum; and, unless the petition is filed within the time limit of the statute, the employe is barred and the workmen's compensation bureau is without jurisdiction.

Whatever may be the law elsewhere, it is frankly conceded that this question is one of first impression in our state. We are therefore free to adopt the view which shall best further the interest of all concerned in the construction and application of this piece of social legislation.

The right on the part of the employe to have the amount due him from the employer commuted and paid is, of course, regulated by statute. *Pamph. L.* 1919, 21 B, *ch.* 93, *p.* 211. The payment of the commuted amount, stripped of all legalistic terms, is nothing more or less than an advance payment. For this advance the employer receives a five per cent. discount per annum. If, therefore, the commuted amount is

the result of an adjudication of the issues, on the merits, between the parties, within our adjudicated cases on the subject, and the resultant judgment is paid, that is the end of that particular cause; but, if, on the other hand, there has been no full, final and complete close-out, within the law, the employe still has the right within the statutory period to seek increased compensation. And the statutory period does not operate against the employe until after the day compensation would have been paid him if no commutation had in fact been made. Compare *Hercules Powder Co.* v. *Nieratko,* 113 *N. J. L.* 195; 173 *Atl. Rep.* 606; *affirmed,* 114 *N. J. L.* 254; 176 *Atl. Rep.* 198; *Berlinger* v. *Medal Silk Co.,* 113 *N. J. L.* 476; 174 *Atl. Rep.* 558.

Whether chapter 229 (*Pamph. L.* 1921, *p.* 731—one-year limitation), or chapter 280 (*Pamph. L.* 1931, *p.* 708—two-year limitation), is applicable in the instant case, is of no practical moment. The commutation period ended April 17th, 1935, and the petition herein was filed on April 12th, 1934.

We concur in the result reached by the bureau on its refusal to dismiss the petition for increased compensation.

Writ is dismissed, with costs.