P. BRONSTEIN & COMPANY, INCORPORATED, RESPONDENT-PROSECUTOR, v. FANNIE HOFFMAN, PETITIONER-DEFENDANT.

Submitted October 11, 1935—Decided December 6, 1935.

Before Justices CASE and BODINE.

For the respondent-prosecutor, *Michael N. Chanalis*.

For the petitioner-defendant, *H. David Zerman*.

BODINE, J. The deceased employe was an officer and stockholder of P. Bronstein & Company, Incorporated, painting contractors. On October 8th, 1928, while working at his trade and in the course of his employment, he suffered an injury from which he died.

A petition for compensation was filed by the widow. The matter came before the commissioner on September 20th, 1929. All parties were represented by counsel. The commissioner was informed of the terms of a proposed settlement. Petitioner was sworn and interrogated as to her willingness to accept the settlement and the reasons for her so doing. There were disputes as to both liability and coverage. The settlement money, more than half of the maximum recovery, was paid to the commissioner of labor to insure safety. After this hearing, a stipulation and order of discontinuance approved by the commissioner and by all parties was filed.

On January 21st, 1933, more than three years after the hearing, a new petition was filed seeking to recover full compensation. This petition was dismissed and on appeal the bureau was reversed. *Certiorari* was denied because the adjudication of the Court of Common Pleas was not final. Upon rehearing in the bureau an award was made for the balance of the compensation. The pleas affirmed this award, and the case is now before us for determination as to whether the approval of the settlement by the commissioner on October 18th, 1929, after hearing, was a final determination of the claim so as to bar further proceedings. It seems that it was. It was not an agreement to compromise. It was a settlement of the cause after hearing for an amount that met both with the approval of the parties and the commis-

sioner. The compensation as agreed to was paid. "The proceedings took the same course as is usual when a judgment is entered in a court of record for damages in an action brought in behalf of a minor." *Federated Metals Corp.* v. *Boyko,* 11 *N. J. Mis. R.* 807; 168 *Atl. Rep.* 672.

The only thing to differentiate the present case from that case is the circumstance that there was no medical testimony, but there could have have been none because the employe was dead, and the further circumstance that the approval was of a stipulation fixing the liability. The form is immaterial since the intent of all the parties is clear to close out the case after a hearing and with the approval by the commissioner. That such a settlement is binding seems settled by section 4, *Pamph. L.* 1918, *p.* 430; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3890, § \*\*236-45. It is not a case where there are no proofs and no adjudication. It is not a mere .agreement between the parties without judicial sanction.

In the instant case, there was a grave doubt at the time the case was heard as to the petitioner's right of recovery; hence both she and the commissioner approved the settlement.

It seems, however, unnecessary in the present case to determine whether there was a final determination or an agrement for compensation only, since the statute, paragraph 21 (f), *Pamph. L.* 1931, *p.* 705; *N. J. Stat. Annual* 1931, *p.* 533, § \*\*236-24, gives the right to seek modification to the injured party only on the ground that the incapacity has increased. The widow and children suffered the same injury at the time of the close out as now.

*Thomas* v. *Liondale Bleach, Dye and Print Works,* 10 *N. J. Mis. R.* 255; 159 *Atl. Rep.* 313; *Federated Metals Corp.* v. *Boyko, supra; Olosh* v. *General Leather Co.,* 12 *N. J. Mis. R.* 165; 170 *Atl. Rep.* 241; *Federal Leather Co.* v. *DeRensis,* 113 *N. J. L.* 235; 174 *Atl. Rep.* 163, and *Ecken* v. *O'Brien,* 115 *N. J. L.* 33; 178 *Atl. Rep.* 373, are all cases where the injured employe sought increased compensation and are distinguishable on the basis that definite rights existed under paragraph 21 (f) of the act. No such rights are conferred upon the petitioner in this case, so that even though settle-

ment was not a final adjudication, it was obviously a settlement approved by the bureau and binding upon the parties thereto, unless some right to reopen is given by the statute which does not seem to be the case. The right to void agreements between the parties, not approved by the commissioner, is to be found in section 20 (b), as amended. *Pamph. L.* 1921, *p.* 737.

We can see no estoppel against the prosecutor. It did nothing in the bureau except that which it was obliged to do under the determination of the court.

A writ will be allowed.