NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

COLLEGRO SOLAZCO, PETITIONER, v. CHARLES CAROL, RESPONDENT.

Decided May 18, 1936.

For the petitioner, *Victor Greenberg.*

For the respondent, *Edwards, Smith & Dawson* (by *George Echelman*).

This matter comes before me on a motion made by the respondent to dismiss the petition filed on January 2d, 1936, upon the ground that the workmen's compensation bureau is without jurisdiction to entertain the same because the previous award therein was a final adjudication on the merits and a bar to any further right of recovery under the act.

In addition to oral argument which was presented at the hearing on the motion on February 7th, 1936, counsel have submitted briefs which have been carefully examined by me.

Briefly stated the material facts are essentially as follows:

Petitioner met with an accident on April 7th, 1930, arising out of and in the course of his employment, and consisting of a fall from an upper floor to the lower one while he was engaged as a hod carrier, landing upon his back. As a result of the accident he suffered a fracture of the transverse process of the second lumbar vertabra, an injury involving a sprained or chipped fracture of the fifth lumbar vertabra and certain muscular injuries in and about the lumbar region of the back. At an informal hearing held before acting Referee Frank Mobius, at Paterson, New Jersey, on February 20th, 1931, the parties entered into a voluntary agreement by the terms of which the respondent paid to the petitioner forty-five and five-sevenths weeks compensation at the rate of $20 per week for temporary disability, and seventy-five weeks compensation at the same rate for partial permanent disability, based on fifteen per cent. of the total. On November 2d, 1932, a formal petition was filed, to which an answer was duly filed by the respondent. On May 1st, 1933, after several adjournments, the matter, in due and regular course, came on for hearing before me, John J. Stahl, a deputy commissioner of compensation, at the chambers of the workmen's compensation bureau, Paterson, New Jersey, in the presence of the parties, their counsel, witnesses and medical experts. When the case was called, respondent's attorney, Charles M. James, Esq., advised that a compromise had been reached by the parties, and addressed the court as follows: (quoting from pages 3, 4, 5, of the stenographic transcript of the testimony) :

"Now, the present issue before this court is purely and simply one as to the extent of disability, and on that there is a very sharp controversy as to whether the petitioner has a disability as the result of this accident, which is greater than fifteen per cent. of total permanent disability which was paid under the previous award, or whether his disability exceeds the fifteen per cent., which, as I say, has heretofore been awarded him.

"On behalf of the respondent, I say that we have had the petitioner examined and treated at various times by a great number of doctors, many of whom believe that the petitioner has no greater disability than fifteen per cent. of total, and

this calculation is based upon the fact that they can find nothing in the X-rays as the result of their observations of the petitioner's condition, which justifies and merits a greater disability than fifteen per cent. of total. I have also had Dr. Arlitz examine the petitioner to-day, and I have gotten a report from him based on an analysis of all the doctors' examinations.

"On the other hand, on behalf of the petitioner, it is claimed that the petitioner is at present disabled permanently to the extent of one hundred per cent., and that this condition will, of course, remain so for the rest of the petitioner's life, and, as I understand it, the petitioner is ready to substantiate this claim, should this case go to trial.

"As the result of conferences and negotiations which have taken place, as between the counsel for the petitioner and myself on behalf of the respondent, and between the witnesses and the doctors that I have, and the witnesses and the medical experts on behalf of the petitioner, we have arrived at a final closeout of this case, based upon a compromise on the merits of this case of the various contentions, and if approved by the court and if effected is to be a final and complete closeout, not subject to reopening in the future for any reason whatsoever, whether the petitioner's disability increases, if such a thing is possible, and the basis of this final closeout is as follows: The petitioner to be awarded for a permanent disability * * * Forty-one and one-quarter per cent., which calculated is equal to two hundred and six and one-quarter weeks, leaving one hundred and thirty-one and one-quarter weeks at twenty dollars per week, inasmuch as seventy-five weeks have already been paid, so that by reason of this award there is now owing to the petitioner and will become due to the petitioner one hundred and thirty-one and one-quarter weeks at $20 which calculated is equal to $2,625. The petitioner's attorneys are to be awarded a counsel fee * * *."

After explaining in detail the amount of counsel fee agreed upon, medical expenses, including X-ray examinations and costs, Mr. James continues (quoting from page 5 of the stenographic transcript):

"This is a lump sum payment and part of the consideration for that is the fact that this is a final and conclusive settlement on the merits and not subject for reopening for any reason whatsoever in the future."

Medical testimony was adduced by both parties—Dr. William J. Arlitz, testifying for the respondent, and Dr. Morris Joseph, testifying for the petitioner. Although their testimony disclosed the usual contrariety of medical viewpoint on the question of the nature and extent of disability resulting from the accident, they both indicated that the basis of settlement, namely, forty-one and one-quarter per cent. of total disability, as a complete and final closeout, was, in their opinions, a fair and just disposition of the case, and that the award should be made in one lump sum payment in order to dispel from the petitioner's mind any further thought of litigation. The petitioner, thereupon, took the stand, was sworn and examined in open court, indicating his entire satisfaction with the terms of the compromise and closeout settlement. The matter was then submitted to me, as deputy commissioner; the compromise settlement was approved and an award accordingly entered thereon. On July 12th, 1933, payment of the award of one hundred and thirty-one and one-quarter weeks compensation at the rate of $20 per week was made to the petitioner by the respondent in one lump sum. Thereafter on January 2d, 1936, a supplemental petition was filed by the petitioner seeking a further recovery of compensation on the ground of increased incapacity since the entry of the previous award, pursuant to the provisions of section 21(f) of the Workmen's Compensation act, as amended by *Pamph. L.* 1931, *ch.* 279, *p.* 704; *N. J. Stat. Annual* 1931, *p.* 533, § **236-24f.

The determinative factor, decisive of the issues raised by the motion, is as to whether the provisions of section 21(f) are applicable to the case *sub judice*. This section of the statute, as amended by chapter 279, *Pamph L.* 1931, reads as follows:

"An agreement for compensation may be modified at any time by a subsequent agreement, or a formal award reviewed

within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased, or reviewed at any time on the ground that the disability has diminished. In such case the provisions of paragraph seventeen with reference to medical examination shall apply."

The vital question for solution is one of legal interpretation, presenting one of those highly controversial and unsettled situations wherein so much doubt has been cast upon the law governing the subject of "review of a formal award" where the subject-matter sought to be reviewed is a compromise settlement between the parties stated to be a "complete and final close-out" of the matter and thereafter approved by the deputy commissioner and entered as a formal award.

The previous award which the present petition seeks to review on the ground of subsequent increased incapacity was rendered on May 1st, 1933—the satisfaction piece, captioned "Finding of Facts, Determination and Award," bearing the date of May 10th, 1933, obviously long after the passage of the 1931 amendment. Payment of the award, consisting of one hundred and thirty-one and one-quarter weeks of compensation at the rate of $20 per week, was made on July 12th, 1933, in one lump sum. If there had been no commutation, the weekly payments would have spread over the period from July 30th, 1932, to February 2d, 1935. Such being the facts, it would appear that section 21(f), as amended, is applicable, which provides, *inter alia,* that "a formal award may be reviewed within two years from the date when the injured person last received a payment." *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542, and *Anderson* v. *Public Service Electric and Gas Co.,* 114 *N. J. L.* 515; 177 *Atl. Rep.* 865, are controlling. The *McLaughlin case* stands for the proposition that the test for determining whether the 1931 amendment applies is the date of the award and not the date of the accident, and that if the award were rendered subsequent to the taking effect of the amendment, even though the accident occurred prior thereto, the amended section

applies and permits the review. The *Anderson case,* in construing the legal effect of a lump sum payment of an award, holds that "where a commutation is made upon the recommendation of the department of labor for the best interests of the injured workman, the statute does not apply until the statutory period after the last date compensation would be paid if no commutation was made." Viewed in the light of these two cases, the present petition seeking the review was admittedly filed within two years from the date of the last payment of the previous award. Furthermore, upon a careful reading of the *McLaughlin case,* it would appear that the Supreme Court in its opinion based its decision, which was subsequently affirmed by the Court of Errors and Appeals, upon the theory which places the present case squarely within the purview of the 1931 amendment, the reason therefor advanced being that the legislature, by such enactment, intended to encompass the right to review *all* awards rendered from and after the date of said amendment, without regards to the nature and form of the award, whether the result of a litigated hearing or based upon a compromise settlement between the parties and entered by the bureau as a formal award.

The respondent, in opposing petitioner's right of review, contends with vigor that section 21(f), *supra,* as amended, does not permit such review where the award, as here, is the result of a compromise settlement between the parties, based on a complete and final close-out on the merits, and paid in a lump sum. In support of its contention, respondent relies upon the case of *Boyko* v. *Federated Metals Corp.,* 11 *N. J. Mis. R.* 807; 168 *Atl. Rep.* 672; *affirmed,* 112 *N. J. L.* 87; 170 *Atl. Rep.* 56; also two earlier cases decided by the workmen's compensation bureau, *Williams* v. *Yellow Taxicab Co.,* 7 *N. J. Mis. R.* 205, and *Mandy* v. *Federal Shipbuilding Co.,* 10 *N. J. Mis. R.* 944; 161 *Atl. Rep.* 837, as well as a list of cases decided subsequent to the *Boyko case,* namely *Olash* v. *General Leather Co.,* 12 *N. J. Mis. R.* 165; 170 *Atl. Rep.* 241; *Granata* v. *D. W. McGee Construction Co.,* 114 *N. J. L.* 89; 176 *Atl. Rep.* 104, and *Bronstein* v. *Hoffman,* 13 *N. J.*

*Mis. R.* 860; 181 *Atl. Rep.* 705. In these cases, which involved matters of compromise, approved by the bureau and entered as full and final awards, petitions subsequently filed seeking to review the previous awards on the ground of increased incapacity were denied. The case of *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; 151 *Atl. Rep.* 502, is likewise relied upon by the respondent. However, upon a careful analysis of these decisions, it appears that the facts therein are readily distinguishable from those of the present case.

Under the *McLaughlin case,* the present petition filed herein seeking a review is maintainable notwithstanding the *Herbert, Boyko* and *Olash cases,* since the original award was entered after section 21(f) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3882, § **236-24(f) was amended by chapter 279, *Pamph. L.* 1931, *p.* 704, extending the time for reviewing a formal award to two years from the date when the employe last received a payment thereon.

In the *Williams case,* the *Mandy case,* the *Olash case,* the *Granata case,* and *Bronstein case* and the *Herbert case,* the awards therein were made prior to the 1931 amendment of section 21(f). The effect of the amendment is to make all formal awards reviewable for increased incapacity whether they are based upon compromise settlements or upon litigated hearings, provided petitions for increased disability are filed within two years from the date of the last payment.

Section 21(f), as amended, *supra,* specifically provides for a review of an award for increased disability where the supplemental petition for the same is filed within two years from the date of the last payment of compensation on the award. The statute does not specify that the award contemplated therein must be one resulting from a fully litigated case as in the *Herbert case,* or an award based upon a compromise settlement where there was a dispute as to liability as in the *Boyko case.* It speaks of an *award* without limitation as to the type of such award. It clearly follows that the effect of the amendment of 21(f), chapter 279, *Pamph. L.* 1931, *p.* 704, is to abrogate the ruling under the *Herbert case,* holding

"that the payment of the previous judgment was not such a 'last payment of compensation' in the intendment of the statute, as would support an application to 'review the award' within a year after such payment of the judgment." Since the *Herbert case* furnished the real basis for the decision in the *Boyko case,* as well as the line of cases following the *Boyko ruling,* it may not be amiss to briefly analyse the facts therein. In the *Herbert case* the so-called petition for increased disability was not based upon an increase in the disability already compensated for, but was based upon a new and distinct condition, which meant that the so-called petition to review was in reality an original petition for an entirely new case, and since it was not filed within one year from the date of the accident or within one year from any failure of the employer to make payment on the agreement (since there had been no agreement), it was necessary to determine whether it was governed by third situation in section 23(h) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3886, § \*\*236-32, *sub.* 23(h)—where part of the compensation had been paid by the employer. It was likewise pointed out by the court that this third situation would not apply, since no part of section 23(h) was directed to a case of a contested claim litigated and reduced to judgment, and the judgment paid and satisfied. It was therefore quite apparent that the payment of the judgment of compensation for the disability awarded upon the first petition could not possibly be such a payment as was contemplated under section 23(h), *supra.* Succintly it was held that the second petition had to be filed within one year from the date of the accident, if a review of the previous judgment on the first petition were to be sought. Hence the *Herbert case* became a precedent; for it became the settled practice thereafter that no review would lie where the award sought to be reviewed was the result of a litigated hearing unless the petition were filed within one year from the date of the accident and not one year from the date of the award. The *Herbert case* remained the law on this subject until the passage of the amendment to section 21(f), chapter 279, page 704, laws of 1931. *N. J. Stat. Annual* 1931, *p.* 533, § \*\*236-24(f).

If the *Herbert case* were still the law, the case of *McLaughlin* v. *Hahne & Co., supra,* would not have been decided upon the reasons given therein; for the *McLaughlin case* was a litigated case just as the *Herbert case* was, and under the *Herbert case* the petition to review for increased disability would have had to be filed within one year (the time limit in effect at the time when the *Herbert case* was decided) from the date of the accident, or within two years (the time limit in effect at the time when the *McLaughlin case* was decided) from the date of the accident. The accident in the *McLaughlin case* occurred on September 13th, 1930; the original award was entered on May 13th, 1932; and the petition for review on the ground of increased incapacity was filed on June 13th, 1933. If the ruling in the *Herbert case* were still controlling, then the petition for review in the *McLaughlin case* would have to have been filed within two years from the date of the accident. Since the Supreme Court, as well as the Court of Errors and Appeals on affirmance, recognized the validity of the petition for review filed in the *McLaughlin case* on June 13th, 1933, it thereby clearly overruled the ruling in the *Herbert case,* because the petition in the *McLaughlin case* seeking a review of the previous award on the ground of increased incapacity was not filed until nearly three years after the date of the accident.

Section 21(f) (*N. J. Stat. Annual* 1931, *p.* 533, § **236-24(f)** as amended does not exclude from its operation review of compromise settlements between the parties stated to be "complete and final close-outs" and thereafter approved by the deputy commissioner and entered as a formal award. If the legislature did not intend to permit an award based on a compromise as "a full, complete and final close-out" to be reopened and reviewed for increase of incapacity within two years from the date of the last payment on the award, it would have so stated by the use of appropriate language. On the contrary, it makes no distinction between an award based on a compromised settlement or an award based upon a litigated hearing. The wording of the statute as it appeared at the time when the *Herbert case* was decided is radically

changed by the wording of the amendment of section 21(f), *supra*.

In all the cases relied upon by the respondent, with the exception of the *Boyko case*, which cases involved matters of compromise, approved by the bureau and entered as "full and final close-outs," and in which petitions subsequently filed seeking to review the previous awards on the ground of increased incapacity were denied, the original awards were made prior to the 1931 amendment of section 21(f). *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3882, § \*\*236-24, *sub* 21(f). In the case of *Boyko* v. *Federated Metals Co.*, 112 *N. J. L.* 87; 168 *Atl. Rep.* 672, the award was entered on August 24th, 1931, *i. e.*, after the enactment of the amendment to 21(f) on April 27th, 1931. There is an inconsistency between the *Boyko case* and the *McLaughlin case*, because the petition seeking a review in the *Boyko case* was denied, although filed within two years from the date of the last payment of compensation on the previous award. But the *Boyko case* was decided upon the authority of the *Herbert case*, the ruling of which was abrogated and superseded by the 1931 amendment of section 21(f), then in force. Nowhere in the opinion of the Supreme Court in the *Boyko case* is any reference made to the amendment of section 21(f); neither do counsel in their briefs raise the question of the applicability of such amendment.

In *Ecken* v. *O'Brien*, 115 *N. J. L.* 33; 178 *Atl. Rep.* 373, subsequently affirmed by the Court of Errors and Appeals, there was no formal award for judgment, but Mr. Justice Heher writing the opinion for the Supreme Court said that even if there had been award and final judgment, a petition for increased incapacity might be filed within two years from the date of last payment. The court there said:

"And if the order has the elements of a final award and judgment, it is reviewable under paragraph 21(f) of the act upon the ground of subsequently increased disability. Since this proceeding was instituted within two years from the date when the disabled employe last received a payment (*Pamph. L.* 1931, *supra*), it follows that an affirmance is required."

*Bronslein* v. *Hoffman,* 13 *N. J. Mis. R.* 860; 181 *Atl. Rep.* 705, referred to by the respondent, has no bearing at all upon the present issue. In that case the original compromise award was entered on October 18th, 1929, prior to the amendment of section 21(f) in April, 1931. Furthermore the subject-matter involved a death claim, settled by way of compromise for an amount considerably less than the statutory amount because of a jurisdictional question as to whether the decedent was at the time of the alleged accident an employe within the intendment of the act or a corporate official. No review could possibly lie, because the case was a death case and there could be no increase of incapacity as contemplated by section 21(f) as amended. The court very properly dismissed the subsequent petition seeking a review.

Likewise in the case of *Granata* v. *D. W. McGee Construction Co., supra,* the syllabus reads as follows:

"1. Prior to the enactment of chapter 279, laws of 1931 (*Pamph. L.,* p. 704), amending paragraph 21(f) of the Workmen's Compensation act, it was well settled that where there was a formal adjudication on the merits, and payment of the judgment, a petition for increased disability would not lie, and that statute did not authorize, in such a situation, the reopening of the judgment and a readjudication on the theory of increased disability.

"2. The judgment in the instant case having been entered prior to the enactment of chapter 279 of the laws of 1931, the provision of that statute, that a formal award in a compensation case may be reviewed within two years, is not applicable."

The judgment and award in the *Granata case* was entered prior to the amendment of section 21(f). But the reasoning adopted in the case applies squarely to the instant case inasmuch as the award in the instant case was entered subsequent to April 27th, 1931, the effective date of the amendment to section 21(f). The decision in the *Herbert case,* which was the basis for the decision in the *Boyko case,* was based upon the statute in force prior to the amendment to section 21(f) passed in 1931.

It necessarily follows, therefore, that the case at bar falls within the ruling of *McLaughlin case*, and that the effect of section 21(f) as amended is to overrule the *Herbert case*, and that the decision in the *Boyko case* being inconsistent with the *McLaughlin case*, the latter case which is the latest pronouncement on the subject is controlling.

By the enactment of section 21(f) providing for a review for increased incapacity, it must be assumed that the legislature, in its wisdom, recognized that certain types of injuries grow progressively worse with time. The 1931 amendment enlarged the scope of the review by extending its operation to all formal awards where the application is made within two years from the date when the injured person last received a payment. Where subsequent increased incapacity takes place, section 21(f), as amended, permits a review, even though the previous compromise settlement, designated as "a full and final closeout," has been duly approved by a deputy commissioner and entered as a final award. In the instant case the only question in controversy was the extent of the permanent disability, and because of the wide differences of opinion between the various doctors as to the percentage of functional impairment resulting from the accident, a compromise settlement based on forty-one and one-quarter per cent. of permanent and total disability was agreed upon. Such compromise was binding upon the petitioner only so long as the degree of his disability remained static and unchanged, notwithstanding an agreement between the parties that the case was not to be subject to a reopening. Section 21(f) is an integral part of the Workmen's Compensation act, and any attempt by the parties to waive its operation and provisions would be invalid and against public policy. Likewise the approval by a deputy commissioner of such a compromise precluding the right to review would be ineffectual and clearly in excess of his statutory power.

For these reasons I hold that the petitioner is entitled to proceed with his review upon the supplemental petition filed herein. The motion of the respondent is accordingly denied.

JOHN J. STAHL,
*Deputy Commissioner.*