F. RUOFF, PROSECUTOR, v. STANLEY BLASI, RESPONDENT.

Submitted May 15, 1936—Decided August 8, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *Edwin Joseph O'Brien* (*Merritt Lane*, of counsel).

For the respondent, *Bozza & Bozza*.

The opinion of the court was delivered by

PERSKIE, J. This is a workman's compensation case.

Petitioner (respondent) filed his petition with the bureau on December 10th, 1931, alleging the death of his son as a result of an accident occurring July 24th, 1931. It appears that the body of the employe became wedged between an elevator and an elevator wall when he was carrying materials from one part of the factory wherein he was working to another. The petition alleged that the employe's entire family including parents and five infant brothers and sisters were dependents. The wages were stated at $12 per week. The employer filed an answer claiming no dependency and that the weekly wage was $10. On March 1st, 1932, the parties, represented by counsel, appeared before the deputy commissioner. The following is a copy of the transcript of the testimony as to just what did in fact take place at the hearing:

"Mr. Baker—This settlement, your honor, is on the basis of a lump sum of $750, counsel fee $200, $75 of which will be payable by the respondent. We want to amend our answer in this case by consent of the attorney for the petitioner and by the permission of the court. The respondent moves to amend their answer denying that the death of Toni Blasi was caused by an accident arising out of and in the course of his employment. Therefore, a compromise settlement has been entered into. The deceased is Toni Blasi and the father is Stanley Blasi, who signed the petition, and under the terms of the settlement the respondent will pay the petitioner, Stanley Blasi, a lump sum of $750, and the counsel fee is to be $200, $75 of which will be payable by the respond- ent. This is to be a complete and final closeout for once and all time. The above settlement is in addition to the $150 that has been paid for the funeral expenses of the deceased."

\*      \*      \*      . \*      \*      \*      \*

Stanley Blasi, the petitioner, a witness called on his own behalf, being first duly sworn, testified as follows (the testi- mony of this witness was given through the interpreter, Manotti R. Langione):

By Mr. Goas—"Q. Mr. Blasi, you understand by the settlement that has just been made between the parties, you are to get $750 in cash, out of which you have to pay $125 towards your attorney fee? A. Yes. Q. The respondent will pay $75 towards the attorney fee. A. Yes. Q. Do you understand that? A. Yes. Q. Is it satisfactory? A. Yes."

By the Court—"Q. This is a final settlement of your case. Do you understand that? A. Yes. The Court—Settlement approved."

Accordingly a determination and rule for judgment was entered (March 8th, 1932) on the approved settlement. It is interesting to observe that on the mere statement of employer's counsel, and the testimony as aforesaid, the deputy commissioner says in his determination and rule for judgment: "* * * It was found that the respondent, in the first place, by an amendment to the answer, denied that the injury arose by accident arising out of and in the course of the employment on the ground that the deceased was doing something that he was not supposed to do at the time and it was further found that the respondent denied that *there was any partial dependency involved in the case in view of the fact that the small earnings of the deceased were all necessary for his own support.*" (Italics supplied.)

On November 1st, 1932, petitioner gave notice to employer of an application to the bureau to reopen the judgment. The grounds are: (1) The petitioner consented to the compromise agreement on facts which were not true and in total ignorance of what his just rights were in the cause. (2) That the compromise upon which the rule and determination for judgment was entered is unreasonable and unconscionable. (3) That all the material and essential facts were not presented to the court in order to enable the court to decide whether the agreement by compromise was a fair and reasonable one. (4) That the compromise agreement and rule for judgment contain false, fictitious and untrue statements, to the essential material facts in the case. (5) That the false, fictitious and untrue statements were known to be such or should have been known to be such by the respondent by

reason of statements taken and reduced to writing by their investigators from the members of the Blasi family and neighbors and such statements were permitted to be entered in the compromise agreement for the purpose of causing the court to believe that the unconscionable and unreasonable award was a just one. (6) That representations made to petitioner causing him to labor under the misapprehension that the amount awarded was the maximum he could receive under the law.

The deputy commissioner, by letter dated November 10th, 1932, denied the application on the grounds "that the settlement entered into March 1st, 1932, was a final close out and the petitioner was fully cognizant with all the facts." The exact opposite seems to be the fact. Thereafter, on December 1st, 1932, petitioner appealed to the Essex County Court of Common Pleas. On the argument of that appeal the charge of fraud was abandoned.

Judge Hartshorne, in disposing of the appeal, held, *inter alia:* "Since 'there was a mere agreement of compromise approved by the bureau' and not 'a final adjudication on the merits,' the bureau should have granted the application to hear the case on the merits. *Federated Metals Corp.* v. *Boyko,* 11 *N. J. Mis. R.* 807. While the above decision is one involving a petition for subsequent changed disability filed under section 21 (f) of the statute (*Pamph. L.* 1931, *ch.* 279, *p.* 704), the basis of the decision in the above regard is section 20 (b) of the statute, *supra,* which is applicable not only to such a petition, but to any proceeding by the parties terminating in a compromise, the words of the statute, 'no agreement' and its spirit, being all-inclusive.

"Nor is this appeal from the ordinarily discretionary refusal of the trial court to grant a new trial, for the simple reason that there never was a trial originally, the lack of such trial constituting the meritorious basis of this appeal. Furthermore, it might be difficult to bind minors, alleged to be dependents, by an agreement in which they did not participate in fact, and could not participate in law.

"However, since under the compromise agreement now

sought to be set aside, petitioner has received substantial moneys and since the hearing on the merits which he asks may terminate either in his favor or against him, he should, to be consistent, tender the return of the moneys received under the agreement which he now denounces, or, at the least, give security therefor."

Pursuant to that holding judgment was entered on June 4th, 1934, reversing the judgment of the bureau dismissing petitioner's application to reopen the judgment and remanding the cause to the bureau for a determination on the merits and ordering that petitioner file a bond in the sum of $1,500 to serve as security for the moneys paid to the petitioner by virtue of the approved compromise settlement.

It is the propriety of that judgment that the employer here seeks to review.

*First:* It is urged that the Common Pleas Court had no jurisdiction to review the action of the bureau in refusing to reopen the case. That contention is made to rest on the grounds (a) that no jurisdiction is conferred upon the Pleas to review any action of the bureau other than a judgment; (b) that the action of the deputy commissioner was discretionary; and (c) that considered as a petition for rehearing the application was not within time.

As already pointed out a judgment was entered by the Common Pleas Court, and it is that judgment, among other things, which prosecutor seeks to review by this writ of *certiorari*. It is, of course, settled that if there had been no finding of the facts in issue by the bureau that this court would have remanded the record, as it frequently has done, to the bureau to make the specific finding and determination which it is required to make. *Patton* v. *American Oil Co.,* 13 *N. J. Mis. R.* 825; 181 *Atl. Rep.* 651; *affirmed,* 116 *N. J. L.* 382; 185 *Atl. Rep.* 35. And we are of the opinion that the Common Pleas Court is not in terms prohibited from sending back a case to the bureau for a like purpose. *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159 (at *p.* 163); 127 *Atl. Rep.* 169. It is, however, argued that the action of the deputy commissioner was discretionary.

In the case of *Breen Iron Works* v. *Richardson*, 115 *N. J. L.* 305; 180 *Atl. Rep.* 192, this court, opinion by Mr. Justice Parker, held at page 308 of 115 *N. J. L.*: "* * * The power to reopen is implied in the statute, paragraph 11 as amended in 1921. *Pamph. L., p.* 733; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3892, § **236-52. The legislature has imposed no time limit on reopening, though in cases of appeal the limit is thirty days. In *Katz* v. *Zepela*, 10 *N. J. Mis. R.* 258 (at *p.* 260); 159 *Atl. Rep.* 206, we said, referring to *Rose* v. *Wagner Construction Co.*, 2 *N. J. Mis. R.* 118: 'The effect of the above decision would seem to be to give the bureau the same control over its judgments that the common law courts have, and the rule there is that the power can be exercised at any time that the cause remains under the court's control provided the moving party embraces the first opportunity he has of presenting his case.' " Compare *Plaskon* v. *National Sulphur Co.*, 114 *N. J. L.* 109; 176 *Atl. Rep.* 112.

True, the judgment of the Pleas reversed the bureau's refusal to open the judgment, but it is also true that the cause was remanded to the bureau for the sole purpose of making a determination of the issue on the merits. This called not for the performance of a mere discretionary power but rather for the performance of a fixed statutory duty imposed upon the bureau.

The letter of Referee Wegner, dated November 10th, 1933, was not, of course, a judgment. It was, however, in fact an affirmance of the bureau's prior purported determination and rule for judgment, the form of which is not challenged. The facts and determinations as set forth in that pleading were the ones in issue and were actually challenged by the appeal to the Pleas. And that step in the case was in season. We proceed to the merits.

*Second:* It is next urged that the bureau was without power, in a death case, as here, to reopen the judgment under section 21 (f), chapter 279, *Pamph. L.* 1931, *p.* 704. With this contention we are in accord. This section of the act relates to increased and decreased disability compensation. It does not apply to death cases. *P. Bronstein & Co., Inc.,*

v. *Hoffman,* 13 *N. J. Mis. R.* 860; 181 *Atl. Rep.* 705. (Compare *Solazco* v. *Carol,* 14 *N. J. Mis. R.* 435; 185 *Atl. Rep.* 510, in which the bureau held that, under the aforesaid section, all informal awards "based on compromise or upon litigated hearings including closeouts" approved by the commissioner are reviewable for increased disability within two years of last payment.) But with the contention that the judgment should not be ignored or set aside by reason of section 20 (b), chapter 230, *Pamph. L.* 1921, *p.* 737, we disagree. This section provides:

"(b) *No agreement* between the parties for a sum other than that which may be determined to be due by the commissioner, deputy commissioner or referee, or the judge of the Court of Common Pleas upon appeal shall operate as a bar to the determination of a controversy upon its merits, *or to the award* of a different sum, if it shall be determined by the said commissioner * * * or judge that the amount agreed upon is less or more than the injured employe, *or his dependents are properly entitled to receive."* (Italics supplied.)

As pointed out by the Common Pleas judge this section is all inclusive. It evinces a legislative policy that the provisions thereof shall enure to the benefit of the "injured employe, or his dependents." If under this section no agreement, or award, based on an amount agreed upon which is more or less than the injured employe is entitled to receive, can operate as a bar to a determination of the controversy upon the merits, it necessarily follows that no agreement or award can operate as a bar if there has been no determination whatever of such an agreement, or award, upon the merits. Here, there was no such determination. Not a word of proof appears as to the earnings of the deceased; or as to his dependents; or as to his contribution to his dependents. Nor did the deputy commissioner advise the father as to what amount he was ordinarily entitled to receive. The approved settlement by the bureau is subject to all the vices pointed out in the typical cases of *Federal Leather Co.* v. *DeRensis,* 113 *N. J. L.* 235; 174 *Atl. Rep.* 163; *Anderson* v. *Public Service Electric and Gas Co.,* 114 *N. J. L.* 515; 177 *Atl.*

*Rep.* 865, and *Ecken* v. *O'Brien,* 115 *N. J. L.* 33, 35; 178 *Atl. Rep.* 373; *affirmed,* 116 *N. J. L.* 94; 183 *Atl. Rep.* 273.

We have, time and again, construed this social piece of legislation in accordance with the philosophy underlying its enactment, namely, that it shall be construed liberally, *i. e.,* for the benefit of the employe and his dependents. It seems to us that it would indeed be a step backward to deprive decedent's dependents, adults and minors, of their fundamental right of having their day in court; of having their claim adjudicated on the merits.

We have considered all other points argued and find them to be without merit.

The judgment below is affirmed, with costs.