PASSAIC COUNTY COURT OF COMMON PLEAS.

WILLIE PERL CASON, PETITIONER-APPELLANT, v. ISA-
DORE OVERMAN, SAMUEL T. HUNTER AND JACK
GOODMAN, TRADING AS I. OVERMAN & COMPANY,
AND/OR OVERMAN METAL COMPANY, IN THE ALTER-
NATIVE, RESPONDENTS-APPELLEES.

Decided June 25, 1947.

For the petitioner-appellant, *Joseph Teich* (*Isadore Rabino-
witz*, of counsel).

For the respondents-appellees, *Kalisch & Kalisch* (*Isidor
Kalisch*, of counsel).

MacLEOD, C. P. J.  A petition was filed in the Workmen's
Compensation Bureau, alleging that the petitioner's husband,
while employed by the respondents on January 9th, 1945, at
3:30 P. M., sustained a cardiac collapse due to over-exertion
at Goodman's garage, and died immediately.

A brief summary of the facts indicates that the decedent
on January 9th, 1945, transported a flat tire to the store of
one, Goodman, for the purpose of repairing same.  The dece-
dent then left, after he had fixed it.  He subsequently re-
turned with the tire to again check it.  He thereupon
requested one, Mr. Louis Goodman, to give him a new valve
core.  Mr. Goodman then went to another part of his store
to secure a valve core and when he returned, he found the
decedent lying on the floor about five feet from where he was
last seen.  The decedent was not alive.

Mr. Louis Goodman, a witness, testified that the decedent brought the tire to his store, took it apart, repaired it and then left. Decedent returned with the tire and checked the tube. He requested a new valve core that Mr. Goodman had to secure from the front of the store. When he returned, the decedent was lying in the toilet room dead, about five feet away from the tire, which he had been repairing.

The witness Goodman was confronted with a statement that had been made by him to a company representative, soon after decedent's death. Apparently his statement was in conflict with his testimony before the Bureau. He was cross-examined at great length, concerning these inconsistencies.

A death certificate issued by the county physician of Passaic County gave the cause of death as coronary occlusion.

At the conclusion of the testimony of the witness, Louis Goodman, the attorney for the petitioner made the following statement: "That is my case, except for the medical." A short recess was then declared. No testimony was offered on behalf of the respondents.

The attorney for the respondent was then directed by the Deputy Commissioner to make a motion to dismiss the petition upon the ground that the petitioner had not made out a *prima facie* case. This direction was complied with and the Bureau dismissed the petition.

One of the contentions raised by the appellant, is the fact that they had not completely rested their case. In other words, the petitioner had been deprived of a full and complete hearing on the merits of her case.

A careful reading of the record indicates that the Deputy Commissioner overlooked the right of the petitioner to offer medical testimony that might connect up a *prima facie* case. The petitioner had a right to offer in her case medical proof based upon hypothetical questions that would develop a compensable injury. She was precluded by the actions of the Deputy Commissioner. The petitioner's case was not completed. She was entitled to a full and complete hearing.

The misconception of the Deputy Commissioner in determining the merits of this case, before the petitioner has fully completed her case, should not prevent a correction and a

restoration of the case to its proper status to the end that the petitioner be allowed to present her full and entire facts.

In *Ruoff* v. *Blasi,* 117 *N. J. L.* 47 (at *p.* 54); 186 *Atl. Rep.* 581 (at *p.* 584), the Supreme Court said:

"We have, time and again, construed this social piece of legislation in accordance with the philosophy underlying its enactment, namely that it shall be construed liberally, *i. e.,* for the benefit of the employee and his dependents. It seems to us that it would indeed be a step backward to deprive decedent's dependents, adults and minors, of their fundamental right of having their day in court, of having their claim adjudicated on the merits."

In this posture, I believe that the case should be sent back to the Bureau, and the petitioner should have an opportunity to present her complete case.

This matter, therefore, is remanded so that the appellant may produce all her evidence.

Costs will abide the outcome.